## PRYOR v. GALER OIL CO.

No. 20532. Opinion Filed May 3, 1932.

J. D. Simmons, for plaintiff in error.

V. R. Biggers, Irvin L. Wilson, and J. Bart Aldridge, for defendant in error.

HEFNER, J. This is an action brought in the district court of Seminole county by Galer Oil Company against W. W. Pryor to quiet title to the mineral rights in and to five acres of land located in Seminole county, and to cancel a contract placed of record by defendant, under which he claims the mineral rights thereto. The trial was to the court, and resulted in judgment in favor of plaintiff. Defendant has appealed and asserts that the judgment is contrary to law and is not sustained by the evidence.

The evidence shows that the tract involved is part of 120 acres owned by Mary B. Goforth, who sold a one-quarter (or 30 acre) undivided interest therein to R. W. Morrison for the consideration of $2,000 per acre, or a total consideration of $60,000. Morrison paid $3,000 on the purchase price, and was to pay the balance upon approval of the title and execution of a mineral deed. Prior to the approval of the title and execution of the deed from Mrs. Goforth to Morrison, the latter sold one-half of his interest, or an undivided 15-acre interest, to T. B. Pickens for a consideration of $30,-

000. Pickens paid $1,500 on the purchase price, and Morrison executed a mineral deed to him therefor. This deed was never placed of record by Pickens. It was agreed that Pickens was to pay the balance of the purchase price upon approval of the title and execution of a mineral deed by Mrs. Goforth to Morrison.

Pickens, thereafter and prior to the date Morrison acquired his deed from Mrs. Goforth, agreed to and did sell to W. G. Rogers a 10-acre undivided interest in the tract purchased from Morrison for a consideration of $15,000; he also sold to Thomas E. Nix, as trustee for defendant, W. W. Pryor, a 5-acre undivided interest therein for the sum of $750 and the assumption of the $10,000 due on the purchase price, owed by Pickens to Morrison. Pryor paid to Pickens the $750 shortly after the execution of the contract.

Morrison, upon approval of the Goforth title to the land, demanded payment from Pickens of the sum of $28,500, balance due on the purchase price of the 15-acre interest conveyed to him. Pickens was unable to meet this payment, and, after some negotiations, returned to Morrison the mineral deed executed to him. Morrison then offered to convey the 5-acre interest here involved to defendant upon payment of the sum of $13,500. Defendant refused to pay this amount and contended that he was entitled to a deed upon payment of the sum of $10,000, the amount specified in the contract between Pickens and Nix. Defendant tendered this amount to Morrison and demanded a deed. Morrison refused the tender and refused to execute the deed.

At the time this tender and demand were made by defendant, there was still due and owing Mrs. Goforth on the original purchase price of the mineral rights, the sum of $57,000. In order to raise the ·money necessary to procure the deed from her, Morrison entered into a contract with W. G. Rogers, whereby, upon conveyance by Morrison to him of certain interest in the mineral rights to the land obtained by him from Mrs. Goforth, he agreed to and did advance an amount sufficient to obtain the deed. After obtaining the deed, Morrison sold the 5 acre tract here involved to plaintiff.

The evidence shows that defendant, Pryor, knew, at the time of the execution of the Pickens-Nix contract, that Morrison still owed Mrs. Goforth a balance of $57,000; Pickens owed Morrison for his interest therein a balance of $28,500; and that Pickens had never recorded his deed from Morrison.

The trial court held that, because defendant knew, at the time the contract for the 5-acre interest here involved was entered into between Pickens and Nix, that Morrison owed Mrs. Goforth a balance of $57,000, and a deed could not be obtained from her until that amount was paid; and also knew that Pickens owed Morrison a balance of $28,500 on his 15-acre interest, which he failed and refused to pay, Morrison was released from his contract with Pickens, and that the contract between Pickens and Nix was thereby rendered inoperative and Morrison had the right to resell this tract to plaintiff.

We do not agree with this conclusion. Morrison had executed to Pickens a mineral deed to the 15-acre interest purchased by him before the contract for the sale of the 5-acre tract here involved was entered into between Pickens and Nix.

Plaintiff contends that defendant cannot rely upon the execution of this deed to sustain his right under the Pickens-Nix contract, because he knew that Pickens had not paid the agreed purchase price to Morrison, and because under the contract he was to assume and pay this amount to Mrs. Goforth as a part consideration for the purchase price before the mineral deed was to be executed to him, and also knew that no deed would be executed by Mrs. Goforth to Morrison until the balance of $57,000 due her was paid.

The contract, in part, provides:

"It is understood and agreed between the parties hereto that R. W. Morrison has heretofore purchased from Mary D. Goforth a one-fourth undivided interest in and to all the mineral rights underlying said land, together with all royalties of every kind and nature which may heretofore or may hereafter be produced from said land, and that the said R. W. Morrison has agreed to convey to party of the first part a one-twenty-fourth interest or an undivided five-acre interest in and to the mineral rights in and underlying said land above described with all accrued royalties and that there is due as a portion of the purchase price for said five-acre interest to Mary D. Goforth, the sum of $10,000, which said party of the second part agrees to assume as a portion of the purchase price when R. W. Morrison accepts title to said mineral rights and is ready to pay for the same and Mary D. Goforth delivers an instrument of conveyance conveying said mineral rights to the said R. W. Morrison."

Under the contract and evidence, the contention of plaintiff cannot be sustained. The

evidence discloses that defendant purchased the five-acre interest at the request of Morrison. It is undisputed that Morrison informed him that he had executed a mineral deed to Pickens for the 15-acre tract and that the purchase price was $2,000 per acre.

Plaintiff urges that, because Pickens owed Morrison a balance of $28,500 on the 15-acre interest, and because Pickens had conveyed 10 acres thereof to Rogers for $15,000, Morrison had the right to demand of defendant the difference between the $28,500 and $15,000, or $13,500, before he was required, under the contract, to execute a deed to him. This contention is based on the theory that the contract provided that the deed should not be executed to defendant until the balance of the purchase price was paid to Mrs. Goforth, and that defendant knew Pickens owed $28,500 which was to be applied thereon. This contention, in our opinion, is not sound. The contract provides that there is due Mrs. Goforth on the five-acre tract here involved the sum of $10,000, and defendant was to assume the payment thereof. When the deed was obtained from Mrs. Goforth, defendant was entitled to a deed to the five acres upon payment of $10,000.

The evidence shows that the entire tract was purchased by Morrison from Mrs. Goforth at the agreed price of $2,000 per acre. It is also shown by the evidence that Morrison told defendant, Pryor, to buy the tract from Pickens and that Pickens owed him the sum of $2,000 per acre therefor.

Morrison executed the deed to Pickens for the 15-acre interest and advised defendant to purchase from Pickens the 5-acre interest involved herein. The surrender of the mineral deed by Pickens to Morrison did not operate to reinvest title in Morrison so as defeat defendant's rights thereunder. The purchase price, under the contract, was $750 plus $2,000 per acre, or a total of $10,750. Under these circumstances, we are of the opinion that Morrison could not demand of defendant the sum of $13,500 for the execution of the deed, and that he could not defeat the right of defendant under the contract by deeding this tract to plaintiff.

Plaintiff, under the evidence and findings of the trial court, had knowledge of the execution of the unrecorded mineral deed from Morrison to Pickens, and also had knowledge of the contract between Pickens and Nix, and is therefore not an innocent purchaser.

The evidence also shows that defendant has tendered to Morrison the sum of $10,000 and demanded the execution of the mineral deed; that he is able to pay this sum;

upon the payment thereof, title to the five-acre tract here involved should be quieted in him; and the deed from Morrison to plaintiff thereto should be canceled.

The judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.

Note.—See under (1) 2 R. C. L. 204; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title Appeal, § 172.