## TOLBERT v. CHISHOLM.

No. 24400.  Opinion Filed Feb. 21, 1933.

Rehearing Denied April 18, 1933.

O. W. Patchell, for plaintiff in error.

Mac Q. Williamson, for defendant in error.

BUSBY, J. This is an appeal from an order of the district court of Garvin county, Okla., overruling a motion by W. R. Tolbert, plaintiff in error, to have a receiver appointed to take charge of real estate on which he holds a second lien.

The original action was commenced in the district court of Garvin county by the Prudential Insurance Company of America to foreclose a first mortgage lien on 90 acres of land owned by James Chisholm, and on which W. R. Tolbert, the plaintiff in error here, held a second mortgage. Tolbert was made party defendant in the suit and filed a cross-petition against defendant Chisholm setting up his second mortgage. Trial was had and judgment was rendered on the 5th, day of December, 1932, in favor of the Prudential Insurance Company in the sum of $7,242.36, with 10 per cent. from date and $600 attorneys' fees. The judgment is declared a first lien on the real estate and orders same sold under the terms of the mortgage. The mortgage contains a clause waiving appraisement so that no sale can be had for six months from the date of the judgment.

Plaintiff in error. W. R. Tolbert (one of the defendants in the trial court), on his cross-petition against defendant James Chisholm was given a judgment in the sum of $6,435.83, with interest at 10 per cent. until paid and $643.56 attorneys' fee. His judgment was declared a second lien upon said real estate.

At the conclusion of the testimony as to the value of the land the court remarked: "Witnesses have placed the value of this land as low as $80 an acre; and the court is of the opinion that to put it up at forced sale, it wouldn't even bring that; but that is no true criterion by which to fix the value, and the court denies the receiver. This is especially true of a man's homestead."

Upon the refusal of the court to appoint a receiver and because of the remarks from the bench as to its value, the cross-petitioner and second lien holder, W. R. Tolbert, as plaintiff in error, appeals to this court.

The above remarks by the judge were not findings of fact or conclusions of law, no such findings or conclusions having been asked for by either side.

Counsel for plaintiff in error suggests that the language of the trial judge above quoted constitutes an impeachment of the decision itself. We cannot agree with counsel on this point, as the remarks were merely observations. A similar situation arose in the case of Ruby v. Warrior, 71 Okla. 82, 175 P. 355. In that case this court held that general oral observation of the court does not perform any office in the case-made, and that such remarks will not be considered on appeal for the purpose of impeaching the judgment of the trial court.

Counsel for the plaintiff in error complains particularly that the trial court abused its discretion in not appointing a receiver. He cites section 518, C. O. S., subd. 2, of the 1921 Compiled Oklahoma Statutes [O. S. 1931, sec. 773], which reads as follows:

"A receiver may be appointed by the Supreme Court, the district court or superior court, or any judge of either. * * *

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt."

Counsel argues that, under the evidence and state of facts presented here, even though the evidence as to the value of the land is conflicting, the word "may," as used

in the statutes, should be interpreted as "must," "ought to," or "should"; that there is no sound discretion left to the court to refuse the appointment of the receiver, and that such refusal in the instant case was gross abuse of discretion. In support of this he cites Pomeroy in his Equity Jurisprudence, vol. 4, sec. 1331, reading as follows:

"The discretion is not arbitrary or absolute; it is a sound judicial discretion, taking into account all the circumstances of the case, exercised for promoting the end of justice and of protecting the rights of all the parties interested in the controversy and the subject-matter, and based upon the fact that there is no other adequate remedy, or means of accomplishing the desired objects of the judicial proceedings."

The question of appointing receivers has been before this court so often and has been decided so many times that the rule is well established. The only question to decide is whether or not the trial court abused its discretion under the section of the statute providing for the appointment of receivers.

After reading the evidence in the case at bar as to the value of the land, we cannot say that the court abused its sound judicial discretion. The trial court saw the witnesses on the stand, observed their demeanor, and was in a better position to determine the weight and value of their testimony than is this court on reading the record. Unless there has been a clear abuse of judicial discretion, in matters of this kind this court will not interfere. The testimony is so conflicting that we cannot say there has been an abuse in this case. Judgment of the trial court will therefore be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BAYLESS, JJ., concur. OSBORN, J., dissents. ANDREWS, McNEILL, and WELCH, JJ., absent.

Note.—See under (1) annotation in 26 A. L. R. 37; 23 R. C. L. 10, 11, 42.