## OKLAHOMA CITY BLDG. v. LOAN ASS'N v. HINTON et al.

No. 23058. Oct. 16, 1934.

Raymond B. Everest and Everest, McKenzie, Halley & Gibbens, for plaintiff in error.

G. L. Bynum, for defendants in error.

PER CURIAM. Plaintiff in error was plaintiff and defendants in error were defendants in the court below. For convenience

we shall refer to them in this opinion as plaintiff and defendant, respectively.

After the action was filed and before trial upon its merits, plaintiff filed an application for the appointment of a receiver. Hearing was had upon the application. At the conclusion of the testimony as to the value of the premises covered by the mortgage, the court remarked that the testimony of the witnesses placed the value of the property in sums varying from $2,000 to $4,500, and that the average estimate of value as fixed by the witnesses was $3,600, and that the amount due on the loan, as fixed by the plaintiff's witness, was $3,882.62, and reached the following conclusion:

"I don't think, gentlemen, under all the circumstances of the case that a receiver would be of any value: and as stated in the beginning, the court would be very loath to appoint a receiver for a homestead in a matter of this kind, without clear, cogent and convincing evidence. Show the application for receiver denied." (R. 102-3.)

Counsel for plaintiff in their brief states:

"However, it must be borne in mind that the court in his own statement, in summing up the evidence, said that in his judgment the fair value of the property was $3,600, and the amount then due was $3,800. He seemed to give as his real reason for refusing the receivership the fact that it was the homestead."

It is evident that these statements are inaccurate. The court did not state in his judgment the fair value of the property was $3,600, but merely that that was the average value placed by the witnesses in their evidence. The statements of the court were not made as findings of fact and conclusions of law; in fact, no such findings and conclusions were requested by either side.

It has been held repeatedly that such observations made by the court immediately prior to entering judgment will not be considered by this court on appeal for the purpose of impeaching the judgment rendered.

An examination of the evidence in the case shows that the valuations of the property covered by the mortgage were fixed from $2,000 by W. W. Smith, agent of the plaintiff Building & Loan Association, to $4,500 by the defendant, James W. Hinton, and by a Mr. Morris. The testimony of J. D. Alexander, the secretary of the plaintiff Building & Loan Association, was that the amount due upon the mortgage debt at the time of the hearing was $3,882.62.

The only question to decide is whether or not the trial court abused its discretion under section 773, O. S. 1931, providing for the appointment of receivers. As above pointed out, the testimony of the witnesses varied greatly as to the valuation of the land. After reading the evidence, we cannot say that the trial court abused its sound judicial discretion. That is the only question before this court.

The case is almost exactly like that of Tolbert v. Chisholm, 163 Okla. 92, 21 P. (2d) 16. There, in the closing words of the opinion, the court said:

"* * * The trial court saw the witnesses on the stand, observed their demeanor, and was in a better position to determine the weight and value of their testimony than is this court on reading the record. Unless there has been a clear abuse of judicial discretion in matters of this kind, this court will not interfere. The testimony is so conflicting that we cannot say there has been an abuse in this case."

Such was the exact situation in this case.

Judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys L. A. Maris, Peyton E. Brown, and P. W. Cress in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Maris and approved by Mr. Brown and Mr. P. W. Cress, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.