## GALER OIL CO. v. PRYOR.

No. 27531.     Feb. 21, 1938.

John Barry, Thos. F. Shea, and Virgil R. Biggers, for plaintiffs in error.

W. C. Hall, G. O. Wallace, and H. M. Sandlin, for defendant in error.

PHELPS, J. Galer Oil Company, a corporation, plaintiff in error, brought suit against W. W. Pryor, defendant in error, to quiet title to the mineral rights in and to five acres of land in Seminole county and to cancel a contract placed of record by defendant in error under which he claims the mineral rights thereto. The parties will be referred to herein as plaintiff and defendant.

The case has been before this court on two former appeals. Pryor v. Galer Oil Co., 157 Okla. 105, 17 P.2d 486, and Galer Oil Co. v. Pryor, 172 Okla. 302, 47 P.2d 97. Subsequently, on proper pleadings, the case was again tried in the district court, resulting in a judgment for the defendant. Motions for new trial, filed by both parties, were sustained. The case is still pending in the trial court upon its merits.

Pursuant to verified motion or application of defendant, the court appointed a receiver for the royalty interest involved in the action and claimed by the defendant. From this order, and the order overruling verified motion to vacate, the plaintiff appeals, asserting, generally, that the order appointing a receiver is not based on suffi-cient evidence and that the order is unlimited in that it deprives plaintiff of the proceeds of the oil and gas to which it is entitled.

The latter contention is based on a controversy over the amount which plaintiff is entitled to retain as purchase price of the five-acre royalty interest; the plaintiff claiming the amount of $13,500 and the defendant contending that he owes only $10,-000.

The receivership covers no property except the royalty interest involved in the action. The amount of the purchase price is but one of the questions involved; hence, we conclude that the order appointing the receiver was not improperly made.

Reference is made to the fact that in the appeal in Galer Oil Co. v. Pryor, supra, defendant made application to this court for appointment of a receiver which was denied. In that proceeding this court followed the general rule that an appellate court will not appoint a receiver in a case pending on appeal. Clark on Receivers, vol. 1, p. 209. It cannot be seriously contended that the refusal to appoint a receiver by this court precludes the defendant from renewing his application in the trial court upon further hearing of the case after it has been remanded. The parties discuss at length certain deductions or conclusions drawn from the decisions of this court on the former appeals hereinbefore mentioned. We find nothing therein which creates a bar to the present appointment of receiver. The case has been pending in the trial court since May, 1928. That court, doubtless, is familiar with every question involved. The trial court had before it facts, proven or admitted by the pleadings, sufficient to satisfy it that the interest of the parties may be better protected by a receiver. In a situation of this kind this court will not interfere.

The receiver was appointed pursuant to subdivision 6 of section 773, O. S. 1931, which reads:

"In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

In Ward v. Inter-Ocean Oil & Gas Co., 52 Okla. 490, 153 P. 115. under facts similar to the facts in the present case, we sustained the appointment of a receiver under the above subdivision of the statute.

In the body of the opinion in Tolbert v. Chisholm, 163 Okla. 92, 21 P.2d 16, we said:

"The question of appointing receivers has

been before this court so often and has been decided so many times that the rule is well established. The only question to decide is whether or not the trial court abused its discretion under the section of the statute providing for the appointment of receivers."

From an examination of the record and the decisions of this court we cannot say that there was an abuse of judicial discretion in the appointment of a receiver.

The judgment of the trial court is affirmed.

OSBORN, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.