## WARD v. INTER-OCEAN OIL & GAS CO.

No. 5837.    Opinion Filed November 16, 1915.

(153 Pac. 115.)

1. **APPEAL AND ERROR—Harmless Error—Appointment on Unverified Petition—Admissions in Verified Answer.** Where a verified answer to an unverified petition for a receiver admits a state of facts requiring, or rendering proper, the appointment of a receiver, an order appointing a receiver will not be reversed on the ground that the petition was not verified, and no other evidence under oath was offered.

2. **PLEADING—Objections—Unverified Petition—Effect of Verified Answer—Admissions.** It was shown by the averments of an unverified petition for a receiver, filed in, and ancillary to, a suit in equity to cancel a lease and quiet title, and the admissions by actual averments, and by failing to deny, in a verified answer thereto, that petitioner was the owner of a guardian's lease, fair and regular on its face, and prior in time to a similar lease on the same land by the same guardian, and in the same court, held by defendant; that after plaintiff's suit was commenced to cancel defendant's lease and summons was duly served on defendant, the latter went secretly and without the knowledge of the plaintiff and entered upon the land and drilled in an oil well, and was ready to take oil from the land. **Held,** that the court was justified in appointing a receiver to protect the property and hold the revenues from production, pending the final result of the case; and this; notwithstanding the fact that the ancillary petition was not verified.

(Syllabus by Brewer, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by the Inter-Ocean Oil & Gas Company against James Ward. Judgment for plaintiff, and defendant brings error. Affirmed.

*Frank Ertell,* for plaintiff in error.

*Samuel G. MaGee,* for defendant in error.

Opinion by BREWER, C. This is an appeal from the refusal of the court to vacate an interlocutory order

appointing a receiver.   Defendant in error brought its
suit in the district court of Rogers county to cancel and
annul certain purported leases on certain described
lands, and to remove clouds from and quiet title in itself
to said lands.

Among the averments in the petition it is shown
that defendant in error, plaintiff in the court below, had
procured and was the owner of certain oil and gas
leases on land of two separate minors, through leases
properly and regularly secured through the county court,
and which leases were approved and confirmed by such
court in November, 1912.   Plaintiff there also averred
that defendant Ward also claimed to be the owner and
holder of leases on the same land, as belonging to the
same minors, and purporting to have been regularly is-
sued and confirmed in February, 1913, by the same court
that had confirmed its leases; and that theretofore Ward's
leases, being later in time, were invalid and of no effect,
and constituted clouds on plaintiff's title, which should be
removed.

After this suit was filed and summons served on
Ward, and the various owners of the land involved, plain-
tiff filed a petition or motion, asking for the appointment
of a receiver through an interlocutory order of the court,
and without waiting for the final determination of the
case.   In this petition, the averments of the original peti-
tion are referred to, and in fact, substantially set out, and
the original petition is made a part of the petition for
receiver.   The further allegation is made that since the
filing of the suit and the service of summons, defendant
Ward had entered secretly upon the lands involved, and
had conveyed thereto and installed thereon certain drill-
ing machinery, and had drilled for and obtained oil; that

said defendant had obtained possession of the land and done the drilling secretly and without the knowledge or consent of plaintiff, and after he was served with process in the suit to annul and cancel the leases under which he claimed to be operating.

Defendant filed an answer to the petition for receiver, in the nature of a lengthy affidavit, in which he sets up his leases through the county court; asserts that they are valid and superior to plaintiff's leases, and that therefore he has a right to be upon, prospect, and develop the lands. Further on in his affidavit, he admits that he is in possession of the land, and has drilled in an oil well, and claims that he is within his lawful rights. He nowhere denies that his possession was obtained and the drilling commenced secretly, and without the consent or knowledge of plaintiff, and after he had been served with process in the equitable suit to cancel his leases.

At a hearing of the matter before the court, at which all the parties were present or represented, the court made an order appointing a receiver to take charge of the properties during the pendency of the litigation, and until further orders of the court. Defendant made a motion to vacate the order, which was denied; and to have this action of the court reviewed, he prosecutes this appeal, appearing here as plaintiff in error.

Several assignments of error are set out, but the argument is really confined to two propositions: (1) That the ancillary petition or motion for the appointment of a receiver was not verified; and (2) that the court did not have before it sufficient facts to warrant the appointment of a receiver.

1. Our attention has not been called to any statute, requiring the verification of a petition of this nature; and

if one exists, which we have not observed, or if the general rules enforced in equity require a verification, no question was made of this by pointing out the defect until after the order for a receiver had been made. Ordinarily, this would amount to a waiver of the point. *Kaufman v. Boismier et al.*, 25 Okla. 252, and authorities cited on page 254, 105 Pac. 326. It is only fair to plaintiff in error, however, to say that his argument on this point really extends beyond the mere question of verifying the petition as a pleading, and goes to the claim that in the absence of a verified bill, it would require affidavits or some other form of proof, under the sanction of an oath. This is generally true. Receivers, to take charge of the property of a corporation or individual, should only be appointed when the necessity therefor appears to be clear.

In this state, while we have a statute (section 4979, Rev. Laws 1910), in specific terms, authorizing the appointment of a receiver in certain cases, yet the same statute authorizes their appointment "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." And so, after all, in deciding questions arising under this head, the court must look for guidance to the established usages and customs heretofore prevailing in the courts of equity. In such courts it is well established that in order to invoke this extraordinary remedy—the appointment of a receiver—the court must have before it facts, proven or admitted by the pleadings, sufficient to satisfy it that the property can be managed and preserved more advantageously to the interested parties by the court, through its agent, the receiver, than by the litigants or either of them. In this case, however, it seems to us that, taking the facts as they stand established by the averments of the petition, together with the admis-

sions of the answer, the court acted properly in putting a receiver in charge. Neither this court nor the court below, when passing upon the necessity of a receiver, was trying the title, as between these two claimants, to the land involved. That was a question in the original suit; the one necessary and pivotal point to be determined in it. When the court came to consider the question of a receivership, it then became its duty to (1) inquire whether, from the information before it, plaintiff appeared to have a valid interest in the property involved; and (2) if so, whether the property was being used in such a way as to probably result in irreparable loss to plaintiff, in case he should finally prevail, or whether or not a receiver, if appointed, could preserve the property during the pendency of the litigation, so as to deliver it to the successful party at the end thereof, better and more surely than to leave it in the hands of the defendant. We think in this case, if defendant had been allowed to proceed with his drilling operation, taking the oil from the land and disposing of it, and then finally had lost out, when the case was tried, that plaintiff's chances for getting the money justly due him, in such event, would have been far less than with a receiver, under sufficient bond, being in charge and administering the lease in the meantime.

2. What has been said under this first point disposes of the second one, and it will not be further treated.

The cause should be affirmed.

By the Court: It is so ordered.