### HEALEY v. STEELE.

No. 21123. Opinion Filed July 12, 1932.

Sullivan & Rice, for plaintiff in error.

G. W. M. Purcell and Bond & Bond, for defendant in error.

CULLISON, J. R. T. Healey, plaintiff, instituted proceedings against Sam C. Steele, defendant, praying for the appointment of a receiver and accounting and the dissolution of partnership existing between plaintiff and defendant.

Pursuant to notice being given of the application for appointment of a receiver, a hearing was had whereupon the court denied plaintiff's petition and application for the appointment of a receiver. The plaintiff in error, plaintiff below, appeals from said judgment of the court.

The parties will be referred to as they appeared in the lower court. Plaintiff and defendant had been engaged in operating a freight line known as the Marlow-Duncan Motor Express, from the date of the formation of the partnership, February 23, 1929, until July 11, 1929, when the plaintiff withdrew from the partnership and commenced working for a competing truck line in that same territory. Six months after the withdrawal of plaintiff he instituted the receivership proceedings under section 518, C. O. S. 1921.

Plaintiff contends the lower court erred in refusing to appoint a receiver, and his several assignments of error are confined to

that one proposition. The sole question to be decided by this court is whether or not the trial court committed error in refusing to appoint a receiver. Any differences between the parties which would be established by an accounting is not involved and cannot be considered at this time.

Section 518, C. O. S. 1921, relied upon by plaintiff, reads in part as follows:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or, in the absence of said judges from the county, by the county judge:

"First: In an action by a vendor to vacate a fradulent purchase of property, or by a creditor to subject any property or fund to his claim. or between partners or others ·jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose rights to or interest in the property or fund, or the proceeds thereof, is probable and where it is shown that the property or fund is in danger of being lost, removed, or materially injured. * * *"

Such is the law applicable to the proposition involved in this action. We observe that the only ground urged by plaintiff for a receiver in this case is:

"That said business of the said concern is being mismanaged and mishandled by the defendant and his agents and the income and profits of same are being dissipated and will continue to be dissipated unless prevented by the appointment of a receiver by the court in this action, to take charge of all property belonging to said business and to hold the same under the direction and orders of the court."

This court has said on numerous occasions that the appointment of a receiver under Compiled Statutes 1921, sections 518-526, is a matter within the sound discretion of the trial court, and an order appointing or refusing to appoint such receiver will not be disturbed, unless an abuse of discretion is shown. McDonald v. Bohling, 102 Okla. 243, 228 P. 783.

In the case of Sapulpa Petroleum Co. v. McCray, 4 Fed. (2d) 645, it is held that before a receiver may be appointed, the preliminary showing must disclose that immediate danger exists that unless a receiver is appointed the property would deteriorate in value or their proceeds would be wasted during the pendency of the suit; that plaintiff would suffer irreparable loss from such deterioration and waste; and that there is a strong probability ·that the plaintiff will prevail on the merits of the case.

In the case of Jackson v. Ward, 111 Okla. 78, 238 P. 429, this court has laid down the principle that before a plaintiff is entitled to have a receiver appointed, he must bring himself within the foregoing rules. The general rule in force in this state is that unless a showing is made by the party making the application, entitling him to have a receiver appointed upon some theory recognized by the court or authorized by statute, the application should be denied. Jackson v. Ward, supra.

The power to appoint a receiver is a delicate one, and should be exercised with extreme caution and only under circumstances requiring summary relief, or where the court is satisfied that there is imminent danger of loss, lest the injury thereby caused be far greater than the injury sought to be averted. 34 Cyc. 21.

We think it would serve no good purpose to go into the minute details of the financial structure of the partnership affairs and incumber this opinion. Suffice to say, the record, when considered as a whole. shows defendant to be a very successful business man.; that he owned much property before plaintiff and defendant entered into a partnership, and that defendant furnished practically all the money that went into the partnership business; that plaintiff was prac-, tically without resources, putting a disproportionately small amount into the partnership, and shortly after the partnership was formed, withdrew therefrom, and, then, long after his withdrawal and connection with a competing firm, asks for the appointment of a receiver for said partnership.

We further observe that defendant has paid debts of the partnership in existence at the time of plaintiff's withdrawal therefrom, in a sum greater than plaintiff ever contributed toward his half interest in the partnership.

We think it evident from the record that the plaintiff had withdrawn from said partnership in July, 1929, by reason of his inconsistent conduct by abandoning said partnership and engaging in competitive work with other people.

There also appears, from the record, a total lack of proof in any degree that the defendant had ever dissipated any of the funds of the enterprise, either during the partnership or after plaintiff's withdrawal therefrom. There is also lacking the showing of a strong probability that plaintiff has any interest in the property, or will prevail on the merits of the case.

Plaintiff having failed to make a sufficient showing that the property involved was in danger of being lost, removed or materially injured, it was not error for the court to

refuse to appoint a receiver in said action under section 518, C. O. S. 1921, supra. See Curtin v. Moroney, 117 Okla. 276, 246 P. 232 (syl. No. 7).

After a careful consideration of the case at bar, we are of the opinion, and hold, that the trial court committed no error in refusing the petition and application of plaintiff for the appointment of a receiver.

The judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and McNEILL, J., absent.