## ELLIS, Trustee, v. PANTHER OIL & GAS CO.

No. 24876. April 16, 1935.

Wells, Nichols & Wells, for plaintiff in error.

Cutlip & Cutlip, for defendant in error.

PER CURIAM. This is an appeal from an order refusing to vacate the appointment of a receiver. The trial court appointed a

temporary receiver of a certain oil and gas leasehold, drilling and operating equipment and oil runs from a small producing oil well in Pottawatomie county. The parties appear here in reverse order and will be referred to as they appeared in the lower court.

The defendant presents in his brief two grounds for reversal of the order refusing to vacate the appointment of this receiver. These are:

(1) That the plaintiff's petition was insufficient to authorize the appointment of a receiver.

(2) Error in not holding that plaintiff was a common creditor and defendant was the trustee for certain preferred creditors.

Only one authority is cited by appellant, Campau et. al. v. Detroit Driving Club (Mich.) 107 N. W. 1063. We do not find this one case sufficient to require a reversal of the order appealed from.

An examination of plaintiff's petition shows a state of facts, if true, from which it may be inferred that plaintiff has a probable right of recovery, that the oil produced from the land in litigation is being removed and is in danger of being lost, that all of such property is about to be disposed of by the defendant to plaintiff's loss, and that plaintiff's debtor is insolvent. These allegations are sufficient to state a cause of action and to give the trial court jurisdiction to appoint a receiver. Hughes et al. v. Garrelts et al., 35 Okla. 321, 129 P. 43; Sapulpa Petroleum Co. v. McCray (C. C. A.) 4 F. (2d) 645.

As to whether plaintiff and the creditors for whom defendant is trustee are preferred or common creditors is not material to this appeal. The relief involved in the appointment of a receiver is provisional, and is not decisive of the ultimate rights of either party or of the merits of the action. Wagoner Oil & Gas Co. v. Marlow et al., 137 Okla. 116, 278 P. 294.

The well-settled rule in this state is that when a party applying for the appointment of a receiver, pendente lite, has made a showing entitling him, upon some recognized rule, to have a receiver appointed, it is within the sound judicial discretion of the trial court as to whether a receiver should be appointed, and this court will refuse to interfere unless it is clearly shown that there has been an abuse of such discretion. McCann v. Spiro State Bank, 160 Okla. 123, 16 P. (2d) 81; Tolbert v.

Chisholm, 163 Okla. 92, 21 P. (2d) 16; State ex rel. Barnett, Bank Com'r. v. Creek Realty Co. et al., 167 Okla. 319, 30 P. (2d) 160; Oklahoma City Building & Loan Association v. Hinton et al., 169 Okla. 205, 36 P. (2d) 735.

In the case of Anglo-American Royalties Corporation v. Brentnall, 167 Okla. 305, 29 P. (2d) 120, 121, this court said:

"The trial court is clothed with judicial discretion in the appointment of a receiver. He should further consider, and himself review, the matter on a motion to vacate his former order appointing a receiver. This the trial court did and denied the motion to vacate. On appeal the burden is on the defendant to show the error in the action of the trial court. The defendant presents his attack upon three grounds, but they are not sustained. In this case the trial court had jurisdiction to appoint a receiver, the allegations and proof were sufficient to justify and sustain the appointment of a receiver, and the action of the trial court in denying the defendant's motion to vacate the appointment of receiver is affirmed."

The order of the trial court refusing to vacate the appointment of the receiver is affirmed.

The Supreme Court acknowledges the aid of Attorneys T. R. Blaine, R. S. Shutler, and Vancil K. Greer in the preparation of this opinion. These attorneys consituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blaine, and approved by Mr. Shutler and Mr. Greer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.