## EASON OIL CO. v. OKLAHOMA CITY PETROLEUM CORPORATION.

No. 28387.    Sept. 19, 1939.

Simons, McKnight, Simons, Mitchell & McKnight, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson and M. W. Eddleman, for defendant in error.

HURST, J.  This is an appeal by Eason Oil Company from an order entered in an action brought by Oklahoma City Petroleum Corporation, denying a motion to vacate an order appointing a temporary receiver, made without notice, and making such temporary appointment permanent.

The petition of Oklahoma City Petroleum Corporation, in its first cause of action, sought to cancel for fraud a partition sale under which defendant, theretofore owner of an interest in the oil and gas lease and well in controversy, acquired the entire property; in its second cause of action it sought an accounting, and the cancellation of a contract giving defendant the operation of the lease; and in the third cause of action it asked for a receiver on the ground of threatened abandonment of the property by defendant, and consequent loss and damage to plaintiff.  When the suit was filed plaintiff had no title to, nor interest in, the property, its interest having been acquired by defendant at the partition sale aforesaid. There was no allegation of insolvency.  On this petition, duly verified, the court appointed, without notice, a receiver to take charge of the property and operate the well thereon, and later refused, upon hearing, to vacate the appointment, but made it permanent.

1.  Defendant urges in two assignments of error that the trial court erred in making the temporary appointment without notice. However, we are of opinion that the defendant, having filed its motion to vacate, and demurrers and motion to make more definite and certain, and having appeared and participated in the hearing to determine whether the temporary appointment should be made permanent, waived the error, if any, in making the appointment without notice. 23 R. C. L. 40, § 39; Union State Bank v. Mueller (1918) 68 Okla. 152, 172 P. 650;

Morgan v. Daniels (1928) 130 Okla. 201, 266 P. 464. Defendant, as against this rule, cites and relies upon Oklahoma Cotton Growers' Association et al. v. Whitener et al. (1932) 155 Okla. 256, 8 P.2d 1106. That case does not overrule the cases above cited, and we think the point on which they were decided. was not involved.

2. The third assignment, that the court erred in overruling defendant's application to vacate, and in making the temporary appointment permanent, is in our opinion well taken, and must be sustained.

An application for the appointment of a receiver is addressed to the sound judicial discretion of the trial court. It is argued that the court did not clearly abuse its discretion in refusing to vacate the appointment. The rule that the appellate court will not reverse a judgment in such a case unless there is a clear abuse of discretion shown is subject to this qualification: Before the trial court has any discretion to appoint a receiver of the property of a solvent going concern there must be a showing of a state of facts justifying the appointment on some theory recognized by courts of equity or authorized by statute. It was incumbent on plaintiff, at the hearing, to produce evidence establishing: (a) A strong probability that it would prevail on the merits in the main action; (b) that it would suffer irreparable loss and injury if the appointment were not made; and (c) that it had no other plain, speedy, or adequate remedy. Only upon such showing could the judicial discretion be called into operation, and failure to establish these three essential elements would be fatal to the application, and the appointment made thereon an abuse of discretion. 53 Corpus Juris, 65, § 64; Healy v. Steele (1932) 158 Okla. 194, 13 P.2d 140; Jackson et al. v. Ward (1925) 111 Okla. 73, 238 P. 429; Montana Ranches Co. v. Dolan et ux. (1917 Mont.) 164 P. 306; Ellis v. Panther Oil & Gas Co. (1935) 171 Okla. 552, 43 P.2d 423; Scott v. Price et al. (1924) 103 Okla. 150, 229 P. 618.

Tested by the rule above set forth, which is almost universally adhered to by both text writers and courts of last resort, plaintiff failed in its proof. Alleging in its first cause of action fraud and misrepresentation by defendant to its then receiver, W. C. Kite, to induce the institution of the partition proceeding which resulted in the sale of the property to defendant, the proof showed that no representations were made by defendant to Kite, and he testified positively that he first conceived the idea of sale, and suggested it to defendant, and that defendant agreed with reservations. Its allegation in the same cause of action that the well was shut down for a period prior to the bringing of the partition action, fraudulently, and for the purpose of deceiving Kite, and inducing him to believe the well was dead, when in fact it was not, is likewise entirely unsupported by the evidence, except the fact, admitted by defendant apparently, that the well was shut down. Its allegation that defendant concealed from Kite the existence of possibly productive shallower sands is denied by Kite, who testifies he knew of them and so advised prospective bidders.

While, in support of its second cause of action, plaintiff introduced evidence of excessive operating charges, especially for power and cleanout equipment, it is significant that no effort was made to introduce the amount of expenses incurred by the owners of other wells in that vicinity, or similar items. Kite testified that many charges were adjusted, and that, as adjusted, the rental charge for cleanout tools was reasonable. There was no proof of oil produced and not accounted for by defendant.

The evidence wholly fails to show any intent on the part of defendant to plug and abandon the well at the time the suit was brought. Plaintiff's petition alleged, and the proof showed, that after acquiring the other interest, defendant continued production. Defendant, in its verified response, stated that since the acquisition of plaintiff's interest at the partition sale, it had expended $2,500 in cleaning out and reconditioning the well, and was still endeavoring to make it a paying producer. The present receiver testified that he was operating the property in exactly the same manner it was operated by defendant.

Evidence of imminent danger of irreparable injury or loss to plaintiff, or of an emergency justifying the taking of its property from defendant, is entirely lacking.

Judgment reversed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DANNER, JJ., concur.