## BRADY et al. v. OKLAHOMA CITY ex rel. DOMB.

No. 29709.   Oct. 29, 1940.

Rehearing Denied Dec. 17, 1940.

*108 P. 2d 144.*

Charles Hill Johns, of Oklahoma City, for plaintiffs in error.

Shirk, Paul, Earnheart & Shirk, all of Oklahoma City, for defendant in error.

PER CURIAM. This appeal is from an order which overruled and denied a motion to vacate the appointment of a receiver which had been made in a paving bond foreclosure action. The authority of the trial court to grant such ancillary relief in an action of the nature of the one here involved is the matter in controversy.

The defendant in error, hereinafter referred to as plaintiff, instituted an action to foreclose a paving bond lien which he held against certain lots in Oklahoma City. The plaintiffs in error, hereinafter referred to as defendants, were the owners of two of the lots involved in said action. The aforesaid lots were encumbered with tax liens far in excess of their value and were vacant and unimproved, but were rented to a nursery and were producing an income of $4 per month. Upon application of plaintiff the court appointed a receiver to collect said rents. Motion of the defendants to vacate the appointment of such receiver was overruled, and they have perfected this appeal.

The defendants take the position that the trial court had no judicial power to appoint the receiver, and that if it had such power, it improvidently exercised the same in the case at bar. The plaintiff asserts that the trial court possessed the requisite power either under the provisions of the statute or inherent or both to make the appointment, and that if it did not that the appointment should be sustained as being one which the trial court had discretion to make.

In this jurisdiction provision is made by statute for the appointment of receivers, the pertinent portion being section 773, O. S. 1931, 12 Okla. St. Ann. § 1551, which reads as follows:

"A receiver may be appointed by the Supreme Court, the district or superior court, or any judge of either, or in the absence of said judges from the county, by the county judge:

"First. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"Second. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

"Third. After judgment, to carry the judgment into effect.

"Fourth. After judgment to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in a proceeding in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

"Fifth. In the cases provided in this Code, and by special statutes, when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"Sixth. In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

It will be observed that the above-quoted statute makes provision for five specific instances in which receivers may be appointed, and concludes with general authority in all cases where receivers have heretofore been appointed by courts of equity. The authority so granted, while broad and liberal, has been held to be limited to those cases which come either within the above enumerated provisions or those cases where receivers have heretofore been appointed by the usages of the courts of

equity. Fleet v. Hooker, 178 Okla. 640, 63 P. 2d 988, 109 A.L.R. 272. Upon examination of the authority of section 6240, O. S. 1931, 11 Okla. St. Ann. § 107, under which the action of the plaintiff was maintained, it becomes apparent that such action does not fall within either of the categories provided for under the statute, supra. The action thus authorized provides a concurrent or cumulative remedy for the foreclosure of tax liens (Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853), and nowhere in said statute is it provided that the bondholder shall be entitled to anything more than an expeditious foreclosure of his lien, and certainly there is no provision therein for the ancillary relief of receivership. We are unable to agree with the contention of the plaintiff that his case comes within the first subdivision of the statute, supra, for the reason that the relation of the parties in such case is not one of creditor and debtor, but on the contrary is purely statutory; the right of the bondholder being to have the property on which he holds a lien sold, and the right of the property owner being to possess and enjoy the property until he has been divested thereof in the manner provided by law. To hold otherwise would be to give the bondholder more than the statute authorizes and to deprive the property owner of the rights reserved to him. As said in the case of Eason Oil Co. v. Oklahoma City Petroleum Corp., 185 Okla. 448, 94 P. 2d 222:

"When the party applying for the appointment of a receiver pending the litigation has made a showing entitling him, upon some recognized rule, to have a receiver appointed, the matter is then within the sound discretion of the trial court as to whether a receiver should be appointed and the appellate court will ordinarily refuse to interfere. But, unless a showing is made by the party making the application, entitling him to have a receiver appointed upon some theory recognized by courts of equity or authorized by statute, the appointment is an abuse of discretion."

The appointment of the receiver in the case at bar, not having been authorized by any statute nor having been made pursuant to any theory recognized by courts of equity, was an improvident exercise of power. The court erred in overruling and denying the motion to vacate the appointment. The cases cited by the plaintiff which deal with discretionary powers of the courts to appoint receivers involved actions of an equitable nature, and therefore require no discussion. On account of error above pointed out, the cause is reversed and remanded, with directions to vacate the appointment of the receiver.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, DAVISON, and NEFF, JJ., concur.