ROUTH v. THURMAN et al.

No. 29809.    Sept. 23, 1941.

*117 P. 2d 106.*

J. T. Blanton, of Pauls Valley, and Robert W. Maupin, of Oklahoma City, for plaintiff in error.

Wm. J. Porter, of Lawton, for defendants in error.

BAYLESS, J.    This is an appeal from the district court of Comanche county involving an order approving the final account of a receiver and allowing compensation, and directing the payment thereof from the property in the hands of the receiver belonging to the defendant.

From the briefs and the record, we gather this general history of the litigation. Mrs. Thurman traded real and personal property in Comanche county to Mrs. Routh for real and personal property in Oklahoma county. Mrs. Thurman became dissatisfied and, deeming herself entitled to rescind the deal, filed an action in the district court of Comanche county for relief. On her application and without notice to defendant, a receiver was appointed, and possession of the farm and control thereof, as well as of the equipment, crops, animals, etc., thereon, were taken from Mrs. Routh. Mrs. Routh applied to have the order vacated and her motion was denied, but she did not appeal. Upon application of the plaintiff and receiver, an order of sale for the personal property was made, but Mrs. Routh's effort to appeal seems to have prevented the sale. Upon trial of the issues judgment was for the defendant, and plaintiff did not appeal. The receiver then filed his report, and on hearing thereon and on objections thereto, his expenses were approved in the amount of $466.52, and his compensation fixed at $45, and defendant charged therewith.

We must hold that the only issues presented to us relate to the reasonableness of the sums allowed and the correctness of assessing the payment thereof to defendant. We say this because that part of the record whereon the trial judge acted to appoint the receiver, and that part of the record whereon the trial court acted in refusing to vacate the order of appointment are not in the record before us, and we cannot judge of the correctness of the court's actions in those respects, except in the light of plaintiff's failure to establish her right to ultimate relief.

Plaintiff cites us much general authority concerning the binding effect of an order appointing a receiver at the outset of an action where there is juris-

diction of the person and subject matter. 23 R. C. L. 11; Harris v. National Loan Co., 169 Okla. 457, 43 P. 2d 1038; State ex rel. Barnett v. Creek Realty Co., 167 Okla. 319, 30 P. 2d 160, and other cases. Attention is also called to Brann v. Harris, 173 Okla. 167, 47 P. 2d 876; Hudson v. Hubbell, 171 Okla. 201, 41 P. 2d 844; and Kawfield Oil Co. v. Illinois Refg. Co., 169 Okla. 75, 35 P. 2d 961, and other authorities, to the effect that the amount of the receiver's compensation and the allowance of expenses are matters resting within the sound discretion of the court wherein the proceedings are pending, and that the question of who shall pay the costs also rests within the sound discretion of the court. This is done for the purpose of urging upon us the contention that whether the party procuring the receiver to be appointed ultimately prevails does not affect the matter of who pays the expenses and costs of the receivership.

It is true that receivers are appointed and proceed by statutory authority in this state, but it is recognized that the district courts are exercising a power that is equitable in nature, and we have naturally looked to the practices of equity in these matters. But we cannot go as far as Mrs. Thurman urges us in holding that the fact of failure of ultimate relief has no bearing on the payment of costs and expenses of receivership. We think the matter of whether the party procuring the appointment ultimately prevails is a prime factor. Section 520, O. S. 1931, 12 O. S. A. § 929, provides that in actions relating to the recovery of specific real or personal property, "costs shall be allowed, of course, to any defendant upon a judgment in his favor." In this connection, see Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294; Bellamy v. Washita Valley Tel. Co., 25 Okla. 18, 105 P. 340; and Anderson v. Marietta Bank, 93 Okla. 241, 220 P. 883, where the shifting responsibility for the costs and expenses of receiverships is discussed, and in some of which the fact the party procuring the appointment ultimately failed of relief was the moving factor for charging all expenses and costs to him.

In this case the receiver was appointed upon ex parte application and hearing, without notice to Mrs. Routh to appear or resist. She applied to have the receiver discharged, but this was overruled, and when it appeared that she was likely to make bond in the sum of $1,000 to discharge the receiver, the bond was immediately increased to $3,000, which she could not make. The cultivation of her farm was taken from her; her livestock and personal property were taken from her during the pendency of the action; and the receiver, by order of court, was actually in the process of selling some of the cattle when Mrs. Routh was finally able to stop him.

The evidence shows that receiver contracted to pay a man $1.50 per day to look after the property, when Mrs. Routh's evidence shows that she lived on the farm and would have assisted, that she could have procured the same services in the community for $15 per month; and the caretaker hired moved into one of her houses on the farm and milked her cows and used the milk. She had a growing crop of oats, and receiver contracted and paid the lessor of his combine $67.50 to harvest the oats, when the market value of the oats harvested was only $80. Other items of expense were in keeping with these instances, and in about seven months receiver incurred expenses of $466.52.

We recognize that a court has no funds with which to pay a receiver when one is appointed, and that a large and sound discretion should be vested in trial courts in these matters. But the same sound discretion must be exercised in making appointments and in retaining a receiver under circumstances that can only be prohibitively expensive.

It appears that Mrs. Routh was sued and put to the expense of defending; that her property was taken from her custody without an opportunity to object or to defend against such action;

that efforts were made to sell her property before the termination of the action; that she ultimately succeeded in defeating the plaintiff's action; and yet is ordered to pay all of $512.52, representing expenses and costs of the receiver. To us the law of equities of the situation are so greatly in her favor that she should be relieved of the burden adjudged against her by the trial court.

The only exception that is to be to this relates to the medicine bought and used on her cattle. This item appears to be $15.95. This was bought and used to preserve her cattle, and she should not object to paying therefor, although she does insist that the amount is too high. We think she should pay it.

It is ordered that Mrs. Routh pay $15.95 for the medicine, and that all other items of expense and the receiver's compensation and the costs of the action be charged to Mrs. Thurman.

The order appealed from is reversed, except as noted, and the matter is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

CORN, V. C. J., and RILEY, HURST, and ARNOLD, J. J., concur.