LEXINGTON LAND CO. et al. v. HOLLAND, Adm'r.

No. 30228.   Oct. 6, 1942.

*129 P. 2d 843.*

Robert Burns and Sam S. Gill, both of Oklahoma City, for plaintiffs in error.

John E. Luttrell, of Norman, for defendant in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, as administrator of the estate of Mary G. Abernathy Howerton, deceased, instituted this action against the plaintiffs in error, hereinafter referred to as defendants, to recover certain real estate and personal property which the decedent had conveyed and transferred on November 28, 1932, and to obtain the appointment of a receiver to take possession of said property and to collect the rents, issues, and profits therefrom during the pendency of the action.

The action of the plaintiff was in nature one in ejectment and his right to recover depended upon the effect which the courts would give to certain conveyances and transfers made by his decedent to the defendant Lexington Land Company, which had been organized as an express trust. It was the theory of the plaintiff that the trust had been rendered ineffective by virtue of the marriage of the sole trustees and beneficiaries thereof, and that if such was not the case, then, upon the death of the said Mary G. Abernathy Howerton, in 1937, the other trustee and beneficiary of said trust, by virtue of the marriage relation existing between the deceased and said party, became a trustee for her heirs notwithstanding that the deceased had parted with all of her certificates of interest in the trust prior to her death. The claim of plaintiff was technical and highly controversial and a recovery by him problematical. The defendants were in possession of the property involved and held the same under claim of title from plaintiff's decedent. At the hearing held on the application for appointment of receiver the evidence adduced disclosed that the conveyances and transfers had been made a number of years prior to the death of said Mary G. Abernathy Howerton, and that her certificate of interest in the trust had been conveyed to her husband prior to her death and by him prior to his death (with the exception of 100 shares) to the defendants Wade Howerton and H. F. Schiff. Notwithstanding this state of the evidence, the trial court appointed a receiver pendente lite with authority and directions to take possession and control of the property involved and to collect the rents and profits therefrom during the pendency of the action. Motion of the defendants to vacate the appointment was heard and overruled, and defendants have prosecuted this appeal.

As grounds for reversal of the order so made, the defendants urge two propositions which may be summarized as follows: The appointment of a receiver, being unauthorized by statute and not resting upon any theory recognized by courts of equity, was an improvident act, and the denial of the motion of defendants to vacate said appointment was erroneous as a matter of law.

The contentions so made by the defendants must be sustained. In this jurisdiction authority to appoint receivers is limited to those cases for which provision is made by statute (12 O. S. 1941 § 1551) or those cases where receivers have heretofore been appointed by the usages of courts of equity. Fleet v. Hooker, 178 Okla. 640, 63 P. 2d 988, 109 A. L. R. 272.

The plaintiff by his pleadings and evidence did not present a case in which the appointment of a receiver was authorized by statute, supra, nor one where receivers have heretofore been appointed by the usages of the courts of equity. As said in 53 C. J. 26:

"A court of equity will not ordinarily appoint a receiver where the rights in litigation between the parties depend on the determination of adverse claims of legal title to real property, one party is in possession, and there is no equity affecting his conscience, so that the questions involved are to be determined at law, or are legal as distinguished from equitable."

This accords with our holding in Jackson v. Ward, 111 Okla. 73, 238 P. 429, wherein we said:

"In an action for possession of real estate, where the plaintiff in such action makes application for the appointment of a receiver to take charge of the property pending the litigation, it is incumbent upon such plaintiff to bring himself within some statutory provision authorizing the appointment of a receiver, or to show that it is reasonably probable that he will succeed in establishing his rights over the defendant in a final trial, before a receiver should be appointed to take charge of, manage, and collect rents upon the property involved in the litigation."

See, also, Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294; Healey v. Steele, 158 Okla. 194, 13 P. 2d 140.

As has been aptly said in Eason Oil Co. v. Oklahoma City Petroleum Corp., 185 Okla. 448, 94 P. 2d 222:

"When the party applying for the appointment of a receiver pending the litigation has made a showing entitling him, upon some recognized rule, to have a receiver appointed, the matter is then within the sound discretion of the trial court as to whether a receiver should be appointed, and the appellate court will ordinarily refuse to interfere. But, unless a showing is made by the party making the application, entitling him to have a receiver appointed upon some theory recognized by courts of equity or authorized by statute, the appointment is an abuse of discretion."

Plaintiff having failed to show that he was entitled to the appointment of a receiver either upon some ground authorized by statute or upon some theory recognized by courts of equity, the order making the appointment and the denial of the motion to vacate such appointment constituted an abuse of authority.

The merits of the action have not been considered, as they are not involved in this appeal. The cause is reversed, with directions to vacate the appointment of the receiver which has heretofore been made and to take such further proceedings as may be proper and consistent with the views herein expressed.

Reversed, with directions.

RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, J., dissents. WELCH, C. J., CORN, V. C. J., and ARNOLD, J., absent.