SMOOT et al. v. BAKER et al.

No. 30425.    Nov. 21, 1944.

*153 P. 2d 227.*

T. L. Turner, of Cheyenne, for plaintiffs in error.

J. Scott Vincent, of Cheyenne, for defendants in error.

BAYLESS, J., This is an appeal from the district court of Roger Mills county from an order of that court refusing to vacate an order appointing receiver for real estate. Edna L. Smoot and others, claiming various interests in the real estate, instituted an action against Obe Baker and others, who they alleged owned various interests in the real estate, to partition the real estate in kind if practicable and if not by sale. It appears that no answers were ever filed by any of the defendants nor was any objection made to the partition.

After the petition was filed the plaintiffs applied to the court for the appointment of a receiver, and a receiver was appointed and qualified. This receiver leased the land for three successive years to the plaintiff Smoot and her husband for $200 annual rent. Later it appeared that the Smoots had paid very little of the rent contracted for and that the land was in danger of selling at resale for delinquent taxes. The attorneys for the various parties were dissatisfied with the receiver's handling of the matter and through a scheme arranged by them the receiver resigned and the Smoots recognized as a claim against their interests in the land the unpaid balance of the rent. As to all of this there does not appear to be any controverted fact.

The controversy presented here involves the issue of fact of whether a second receiver was appointed. There is no order in the record appointing this receiver, but all of the parties proceed upon the assumption that such an order of appointment was made and the court's refusal to vacate the order is in keeping with that assumption. For the purposes of the discussion of the issue presented on this appeal, we assume that such an appointment was made. A receiver's oath and bond appear in the record.

The matter of the appointment of the first receiver, and the various steps taken thereafter in which the receiver resigned and a successor was provided for, were handled by the attorneys for the parties in the most informal manner. We do not know what showing was made by reason of which the present receiver was appointed. A careful reading of the record and briefs indicates that it may have been done by agreement. The evidence is in hopeless conflict respecting whether these attorneys agreed to the appointment of the second receiver. Two of them testified that the attorney for Smoots acquiesced, whereas this attorney positively denies acquiescing therein, and on the contrary denies that he had knowledge of the appointment of the second receiver until sometime thereafter. The power to appoint receivers and to vacate the orders of appointment are governed by statute in 12 O. S. 1941 § 1551 et seq. As pointed out in Ward v. Inter-Ocean Oil & Gas Co., 52 Okla. 490, 153 P. 115, while this power is statutory in Oklahoma, "... in deciding questions arising under this head, the court must look for guidance to the established usages and customs heretofore prevailing in the courts of equity."

542

Therefore, the determination of whether the trial court's order refusing to vacate the order appointing a receiver is erroneous when viewed in the light of the evidence, must be treated as an issue of fact in an equity proceeding. The rule with respect to these issues is that the order or judgment appealed from will not be set aside unless it clearly appears that it is against the weight of the evidence. Upon consideration of all of the evidence introduced in support of the application to vacate the appointment, we are unable to say that the order denying the application and refusing to vacate the order appointing receiver is clearly against the weight of the evidence. Whatever grounds were shown for the appointment, they certainly are not overcome by the showing herein that goes no further than indicating that the attorney for some of the parties may not have consented to the appointment. Receivers are not appointed by contract or agreement of attorneys, but upon a showing of facts justifying the appointment under the terms of the statutes. The vacating of such an order rests on a similar showing.

In considering the brief of the plaintiffs we find reference to an assignment of error relating to the admission of evidence. However, there is no argument made on this and no particular evidence is pointed out as having been erroneously admitted and we treat this assignment as being without merit.

The order and judgment appealed from are affirmed and the matter is remanded to the lower courts for further proceedings.

GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.