## McGRATH v. CLIFT et al.

No. 32091. May 20, 1947.

Rehearing Denied June 10, 1947.

*181 P. 2d 555.*

George A. Fitzsimmons, of Oklahoma City, for plaintiff in error.

Russell B. McCabe, of Oklahoma City, for defendant in error C. W. Clift.

CORN, J. This is an appeal from a judgment of the district court of Oklahoma county refusing to require a receiver, appointed by the court, to pay over to plaintiff in error the sum of $1,561.71, collected by the receiver.

The facts out of which this appeal arose are as follows: William and George Murphy originally brought this action for recovery of a city lot in Military Addition (colored addition) to Oklahoma City, to quiet title, and for proceeds from the oil royalties allowable thereto.

Oil was being produced in the vicinity and a small portion of the proceeds was allocable to this lot. Both the producers and purchasers of the oil were named defendants, but neither claimed any interest in the land, or fund sought to be recovered. Upon motion and stipulation one purchaser (Stanolind) was permitted to pay into court the amount it owed ($270) and be discharged.

After filing of the second amended petition on November 9, 1942, Anderson-Prichard Refining Corporation (one defendant) filed a verified answer stating it held $1,129.30 for the benefit of the lot owners, and offering to pay such funds as the court might direct.

January 4, 1943, plaintiffs secured appointment of one of their attorneys as receiver, upon oral application, to receive and collect money accrued and accruing from the royalties. January 6, 1943, said receiver obtained an ex parte order to pay out of the funds as follows: $75 to receiver; $75 to plaintiffs' other attorney; $50 court costs; and $20 as premium on the receiver's bond. Defendant (McGrath), plaintiff in error herein, was in possession under record title, was a nonresident, and all the foregoing was done before she was brought into the case by service of summons by publication.

After this defendant was served by publication she answered asserting her title and possession; denied the trial court's jurisdiction to appoint one of plaintiffs' attorneys, or any other person, as receiver, and further made

strenuous objections to the trial court's appointment and authorization to the receiver to make payments which had been made.

Thereafter, June 2, 1943, upon the receiver's ex parte application, the trial court allowed additional payments out of the funds of $120.74 to the receiver's cocounsel as fee and expenses incurred in taking the defendant's deposition in Ohio on matters concerning the merits of the case.

Upon trial of the cause the defendant, record claimant of title, prevailed in all respects as concerned her title, right of possession and ownership of the land, and right to all proceeds therefrom, including the oil royalties.

Upon filing of report by the receiver defendant again offered strenuous objections and exceptions, both to the appointment and the acts of the receiver thereunder. The report, as filed, asked allowance of all the items mentioned heretofore, as well as a further allowance of $50 as attorney fee for an attorney then representing the receiver, but who had not appeared in the case theretofore. Upon hearing, and over defendant's objections and exceptions, the trial court approved a part of the report, $75 to receiver; $20 premium on receiver's bond, and $50 for additional attorney, and ordered plaintiffs to pay back to the defendant the $50 court costs and the two payments made to the receiver's cocounsel, $75 and $120.74.

This appeal questions the legality of all matters pertaining to the appointment of the receiver and the payments made from the funds in his hands, and seeks to surcharge the receiver with all the payments made by him.

Nowhere in the pleadings filed did the plaintiffs attempt to allege facts showing any grounds, or necessity, for the appointment of a receiver.

However, plaintiffs urge that such appointment was made upon the answer and application of Anderson-Prichard Refining Corporation. The answer was to the effect that the corporation held certain funds for the benefit of the owner of the land, and offered to pay these funds to such owner. The prayer of such answer was that the company be permitted to pay this money into court, or to a receiver, and that the company then be discharged from further obligation.

Plaintiffs suggest that the defendant waived objection to the matters in question by virtue of her failure to move to vacate the receivership. While it may be true that by answering to the merits she waived lack of notice, yet the record reflects vigorous exceptions and objections concerning lack of grounds and impropriety in making payments out of these funds, from the time defendant was brought into the case.

While the defendant could have placed herself in position to secure a review of the order appointing the receiver before the cause was finally tried by moving to vacate the order and appealing from the order refusing to vacate (12 O. S. 1941 § 1558), she was not required to do so in order to secure a review. On appeal from the final judgment, she had the right to have a review of the order appointing the receiver and all other intermediate orders, where a proper record had been made thereon (Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okla. 598, 78 P. 2d 791) and, on finding that the receiver was wrongfully appointed, she had a right to have the costs of the receivership charged to the plaintiff who caused the appointment to be made. Routh v. Thurman, 189 Okla. 358, 117 P. 2d 106; McBirney v. Tankersley Inv. Co., 184 Okla. 185, 86 P. 2d 322.

This is a direct appeal, wherein we examine the entire record to determine whether an abuse of judicial discretion is found. Eason Oil Co. v. Oklahoma City Pet. Corp., 185 Okla. 448, 94 P. 2d 222; Brady v. Oklahoma City ex rel. Domb, 188 Okla. 255, 108 P. 2d 144; Lexington Land Co. v. Holland, 191 Okla. 335, 129 P. 2d 843.

Our statute, 12 O. S. 1941 § 1551, and numerous decisions of this court contemplate that some inquiry shall be made into the interest of any person seeking appointment of a receiver, as well as the probability whether such party may ultimately prevail. Jackson v. Ward, 111 Okla. 73, 238 P. 429, Lexington Land Co. v. Holland, supra.

It is indisputable that, had the court made such inquiry when considering the oral application for appointment, it would have been informed of matters which subsequently appeared, to wit, plaintiffs would not likely prevail in their action, having previously been adjudged by this same court to have no claim or title to this property. Several years prior to this they had been denied the right to reopen or vacate the judgment wherein defendant's predecessors in title had secured the quieting of the title.

The rule heretofore mentioned further contemplates a showing, by petition or application, of some grounds or necessity for appointment of a receiver. Eason Oil Co. v. Oklahoma City Pet. Corp., supra.

The exercise of the power to appoint a receiver is a delicate one, to be exercised only with extreme caution and where there is imminent danger of loss. 45 Am. Jur. Receivers, §§ 4, 23, 24, 30, 38, 83 and 90. Healey v. Steele, 158 Okla. 194, 13 P. 2d 140; Orr v. Tiger, 170 Okla. 424, 41 P. 2d 652; Ward v. Inter-Ocean Oil & Gas Co., 52 Okla. 490, 153 P. 115.

In view of the record we necessarily conclude that neither statutory nor equitable grounds existed for the appointment of the receiver.

12 O. S. 1941 § 1552 provides:

"No party, or attorney, or person interested in an action, shall be appointed receiver therein except by consent of all parties thereto."

However, the receiver insists he is entitled to expenses and compensation, to be paid out of funds in his hands, regardless of who prevails in this action. Such is the general rule, where a receiver has been properly appointed, and where he has faithfully served the interest of his trust, and the items of expense are proper. 45 Am. Jur., Receivers, § 281. The propriety of the receiver's claims must then be considered in the light of the facts reflected in the record.

A careful consideration of this record impels the conclusion that the receiver's procurement of his own appointment, as well as his acts and conduct thereunder, reflect at least a legal fraud upon the court by the receiver, as well as entire lack of good faith therein. For this reason he should be denied compensation and the expense of his bond premium.

We further conclude that there was no showing of extraordinary circumstances requiring the services of an additional attorney. This item of expense likewise was improperly allowed. See 45 Am. Jur., Receivers, § 281 et seq.

The judgment accordingly is reversed and the cause remanded, with directions that the receiver be surcharged with all funds disbursed by him.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.