McNEAL et al. v. HAUSER et al.

No. 33092. Nov. 8, 1949.

Rehearing Denied Jan. 17, 1950.

*213 P. 2d 559.*

A. Francis Porta, of El Reno, for plaintiffs in error.

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for defendants in error.

Rosenstein, Fist & Shidler, of Tulsa, for J. G. Catlett, Harry D. Moreland and W. F. Catlett, trustees of Petroleum Royalties Company, an express trust.

Williams, Boesche & McDermott and Poe & Murdock, all of Tulsa, amici curiae.

JOHNSON, J. This is an appeal from a judgment of the district court of Tulsa county, Okla., refusing to vacate the appointment of receivers of Petroleum Royalties Company, an express trust. By the appeal the authority of the trial judges to make the appointments is questioned. This is the sole question presented.

On the 19th day of September, 1925, the Greer Investment Company, a corporation, made a declaration of trust whereby there was created the Petroleum Royalties Company for the purpose of owning, buying, selling and otherwise acquiring oil and gas royalties. The capital of the trust was divided into 1,000,000 preferred shares of the par value of $1 each, and 1,000,000 common shares of the par value of $1 each. The capital structure was later altered by an amendment to the declaration of trust; and at the beginning of this litigation there were issued and outstanding 2,187,740 preferred shares or beneficial interests, owned by 1,861 different persons, firms or corporations. The instrument creating the trust designated the trustees and provided for the selection of their successors, and provided that the trust should exist for a period of twenty years. No specific provision was made for winding up the affairs of the trust upon the expiration of the trust period, but the 29th paragraph of the declaration of trust contained the following provision:

"Should it seem judicious to the trustees so to do, they may, at their discretion, convey the trust fund and other assets to the trustees of a new trust, or .to a corporation, being first duly indemnified for any outstanding obligations or liabilities. In such event the new trustees, should conveyance be made to trustees, or the corporation, should transfer be to a corporation, shall succeed to all the powers conveyed by this trust."

The trustees of Petroleum Royalties Company, an express trust, near the expiration of its existence, to wit: twenty-one (21) years, went into the

district court of Tulsa county in case number 72457 and presented its reorganization plan under the name of Petroleum Royalties, Limited, and sought authorization of the district court of Tulsa county to set up that organization and transfer all the assets of the original company. Personal or constructive notice was given to all interest holders. Subsequent to the filing of this application, Hauser filed in the district court of Tulsa county in case number 72478 an application for the appointment of a receiver for the company alleging fraud and mismanagement on the part of the trustees.

The district court of Tulsa county terminated the trustees' application by approving their plan. That case was brought to the Supreme Court of the State of Oklahoma (Hauser et al v. Catlett et al., 197 Okla. 668, 173 P. 2d 728) where it was reversed by a holding that the existence of the original Petroleum Royalties Company could not be extended in the manner proposed without giving to interest holders who wanted out, and did not agree to the extension, payment for their interests.

Thereafter, the Hauser application, case number 72478, for appointment of receiver, was presented to the then district judge, Harry L. S. Halley, now a member of this court, who heard evidence on the issue. At the conclusion of the hearing wherein the testimony in the record before us was taken, the trial court found:

"That in view of the opinion of the Supreme Court of Oklahoma, reviewing the order of this court, heretofore entered in cause number 72457, authorizing the transfer of all of the properties and assets of Petroleum Royalties Corporation, a trust estate, to Petroleum Royalties Limited, a trust estate, and the mandate of the Supreme Court directing this court to take such other and further action herein as may be in accord with right and justice; this court finds that the properties involved herein are valuable and that in order to preserve the same and protect the best interests of all parties interested therein and in order to do right and justice to such parties, receivers should be appointed to take charge of, hold, manage and conduct the business formerly conducted by said trustees and to hold the proceeds derived from said trust properties to abide the further orders of this court.

"That J. G. Catlett, M. H. Watts and W. F. Catlett are fit and suitable persons to act as receivers of all the trust properties formerly belonging to Petroleum Royalties Company, a trust estate, and for all of such properties as may have been transferred to Petroleum Royalties Limited, a trust estate."

And, in accordance with said findings, the court adjudged and decreed that the application of the plaintiff for the appointment of a receiver be sustained.

If the trial judge had believed that the trustees of the Petroleum Royalties Corporation were guilty of the things alleged by Hauser, he certainly would not have found them to be fit and proper persons and appointed them receivers of the same company. In the light of Judge Halley's findings, we must conclude that the evidence before him that the trustees had committed offenses that would form the basis for the appointment of a receiver, if any, was wholly insufficient. It is clear from Judge Halley's findings that the appointment was made on the theory that the life of the express trust had expired, thereby terminating the authority of the trustees to act further as such, and that it was necessary that receivers be appointed in order to wind up its affairs.

The Hauser case for appointment of a receiver and the original case filed by the Petroleum Royalties Company were consolidated under number 72478.

The next thing that happened, W. M. Hauser et al., represented by Mr. G. C. Spillers, one of the court's appointed lawyers for the receivers, J. G. Catlett, W. F. Catlett, and M. H. Watts, went into the consolidated case on application to remove the Catletts

but retain Watts. The petitioners in error herein, P. A. McNeal and R. P. Kennedy, for the first time they have ever been known in the record, filed a response to the Hauser application asking for the removal of Watts, and the retention of the Catletts. Then, before the hearing on the application and response was concluded, petitioners in error filed a motion asking that the original appointment of receivers by Judge Halley be vacated for the reason that no sufficient or legal grounds existed for the appointment of receivers. The effect of the latter motion filed by petitioners in error is to withdraw their former and inconsistent response. These issues came on for hearing before Judge Ballaine, successor to Judge Halley, and at the close of the hearing Judge Ballaine removed the Catletts because, as he stated, they were interested parties and disqualified to serve as receivers. In this connection he found specifically that the charges against them were not true, and he removed M. H. Watts as receiver solely for the sake of harmony. Then Judge Ballaine appointed a sole receiver, to wit: Harry D. Moreland.

Judge Ballaine denied the application of the petitioners in error to vacate the original appointment of receivers by Judge Halley. The question in this lawsuit is what right, if any, did either trial judge have to appoint receivers to supersede trustees in winding up the affairs of the Petroleum Royalties Company.

Since Judge Ballaine removed the receivers that the petitioners in error asked to be removed, it is argued that they are estopped by reason of the fact that they sought affirmative relief and got it. Petitioners in error abandoned that application and filed the one that denied the authority of the court to appoint any receiver because there was no evidence or legal grounds to sustain an appointment of a receiver. For this reason there is no merit in the contention made.

From the order of Judge Ballaine discharging the original receivers and appointing another, it is obvious he was of the opinion that since the life of the express trust had expired, as was argued by counsel, the trustees ipso facto lost their authority as such as of the date of the expiration of the term of the trust.

The rule is that the expiration of the trust period of an express trust does not ipso facto deprive the trustees of the power and authority to wind up the affairs of the trust; and a receiver will not be appointed unless there be misconduct, waste, mismanagement, misapplication or improper disposition of the trust funds, or a denial or destruction of the trust estate by the trustees. Eason Oil Co. v. Oklahoma City Petroleum Co., 185 Okla. 448, 94 P. 2d 222; Fluker et al. v. Emporia City Ry. Co., 48 Kan. 577, 30 P. 18; Hauser v. Catlett, 197 Okla. 668, 173 P. 2d 728; Healey v. Steele, 158 Okla. 194, 13 P. 2d 140; In re Scott's Estate, 6 N. Y. S. 2d 180; In re Trusteeship of Vance, 102 Okla. 129, 227 P. 881; Lexington Land Co. v. Holland, 191 Okla. 335, 129 P. 2d 843; Phoenix Oil Co. v. McLarren (Tex. Civ. App.) 244 S. W. 830; Schaal v. Schaal, 203 Iowa, 667, 213 N. W. 207; Security-First Nat. Bank v. Tracy et al. (Cal. App.) 127 P. 2d 12; Skirvin v. Coyle, 185 Okla. 487, 94 P. 2d 234; State v. Douglas, 183 Okla. 3, 89 P. 2d 298; Ward v. Inter-Ocean O. & G. Co., 52 Okla. 490, 153 P. 115, 156 A. L. R. 210; 45 Am. Jur. sec. 41; 33 C. J. p. 883; 65 C. J., §717, p. 837; 65 C. J. §719, p. 839; 65 C. J., §1038, p. 1096; 23 R. C. L. §28; chapter 4, Title 60, O. S. A., section 1551, Title 12, O. S. A.; Perry on Trusts (5th Ed.) vol. 2, §920; Scott on Trusts, vol. 3, p. 1889, §344; Tardy's Smith on Receivers (2d Ed.) vol. 1, p. 287, §70.

This court said, in syllabus No. 4, Eason Oil Co. v. Oklahoma City Petroleum Corporation, supra:

332

"A trial court is without discretion to appoint a receiver of property of a solvent going concern unless there is a showing of a state of facts justifying the appointment on some theory recognized by courts of equity or authorized by statute."

And in the opinion this court said:

"An application for appointment of a receiver is addresed to the sound judicial discretion of the trial court. It is argued that the court did not clearly abuse its discretion in refusing to vacate the appointment. The rule that the appellate court will not reverse a judgment in such a case unless there is a clear abuse of discretion shown is subject to this qualification: Before the trial court has any discretion to appoint a receiver of the property of a solvent going concern there must be a showing of a state of facts justifying the appointment on some theory recognized by courts of equity or authorized by statute. It was incumbent upon plaintiff, at the hearing, to produce evidence establishing (a) a strong probability that it would prevail on the merits in the main action; (b) that it would suffer irreparable loss and injury if the appointment were not made; and (c) that it had no other plain, speedy or adequate remedy. Only upon such showing could the judicial discretion be called into operation, and failure to establish these three essential elements would be fatal to the application, and the appointment made thereon an abuse of discretion. 53 C. J. 65, sec. 64; Healey v. Steele (1932) 158 Okla. 194, 13 P. 2d 140; Jackson et al. v. Ward (1925) 11 Okla. 73, 238 P. 429; Montana Ranches Co. v. Dolan et ux. (1917) 53 Mont. 397, 164 P. 306; Ellis v. Panther Oil & Gas Co. (1935) 171 Okla. 552, 43 P. 2d 423; Scott v. Price et al. (1924) 103 Okla. 150, 229 P. 618."

The record clearly discloses an absence of a showing that the trustees have been guilty of misconduct, waste, mismanagement, misapplication or improper disposition of the trust funds, or a denial or destruction of the trust estate by the trustees, or insolvency.

Tested by the rule as heretofore stated, which is universally recognized and followed by text-writers and courts of last resort, we hold that the trustees of an express trust, which by its terms has expired, have authority to wind up the affairs of the trust, and in the absence of a showing that trustees have been guilty of misconduct, waste, mismanagement, misapplication or improper disposition of the trust funds, or a denial or destruction of the trust estate by the trustees, or insolvency, the appointment of a receiver was error.

Reversed and remanded, with directions to vacate all orders appointing receivers and to proceed in accordance with the views herein expressed.

DAVISON, C. J., ARNOLD, V. C. J., and GIBSON, LUTTRELL, and O'NEAL, JJ., concur. WELCH, J., dissents.