PANAMA TIMBER COMPANY, INC., Appellee,

v.

Ronald A. BARSANTI, Appellant.

No. 52495.

Supreme Court of Oklahoma.

Nov. 12, 1980.

Larry B. Lucas, Poteau, for appellee.

Tom E. Smith, Poteau, for appellant.

BARNES, Justice:

The appeal before us today arises out of an action commenced by Panama Timber

Company, Inc. (Panama), in which Panama sought rescission of a sales contract and foreclosure of a sales agreement, together with the appointment of a receiver. The action, brought against Ronald Barsanti, was commenced when Barsanti allegedly defaulted by failing to meet an installment payment due under the sales contract. Mr. Barsanti has perfected two separate appeals, one from the trial court's overruling of the demurrer he filed to Panama's petition (Supreme Court Case No. 52,683), and the second from the trial court's order refusing to vacate the ex parte appointment of a receiver (Supreme Court Case No. 52,-495).

The Court of Appeals, Division No. 2, issued an opinion dismissing the appeal from the order overruling the demurrer, and held that the trial court abused its discretion in refusing to vacate the order appointing the receiver on an ex parte basis. A petition for certiorari was filed in Case No. 52,495, and by prior order of this Court certiorari was granted.

No petition for certiorari, however, was filed in Case No. 52,683, and mandate in that cause has already been issued.

■ In granting the petition for certiorari in Case No. 52,495, this Court recognizes that an appeal from the trial court's refusal to vacate an order appointing a receiver, although an interlocutory order, is appealable, as such an appeal is specifically authorized by the provisions of 12 O.S.1971 § 993.

■ In attacking the appointment of the receiver, Barsanti asserts that there was insufficient evidence to support the receiver's appointment. We agree and reverse. Although an ex parte hearing on the motion to appoint a receiver was held, no record of that hearing was made. At the hearing on the motion to vacate the receivership, Barsanti introduced evidence showing that the company (from which the property was being sought) was again operating after a delay caused by a coal strike. Further evidence showed that the assets of that company far exceeded the amount sought to be foreclosed, and were more than sufficient to discharge any debt to Panama. None of this evidence was directly rebutted by Panama.

In *Orr v. Tiger*, 170 Okl. 424, 41 P.2d 652, 654 (1935), we held that a receiver should never be appointed on an ex parte basis, absent "specific allegations and *clear proof* of exigencies of the particular case." [Emphasis added]

In *Eason Oil Co. v. Oklahoma City Petroleum Corporation*, 185 Okl. 448, 94 P.2d 222 (1939), we held that a receiver should not be appointed unless the evidence is such as to justify a reasonable inference that the remedy is necessary to prevent manifest wrong and injustice. Similarly, in *Lexington Land Co. v. Holland*, 191 Okl. 335, 129 P.2d 843 (1942), and *Brady v. Oklahoma City ex rel. Domb*, 188 Okl. 225, 108 P.2d 144 (1941), we held that although the appointment of a receiver is within the sound discretion of the court, there must be a showing that the appointment was predicated on some theory recognized in equity or authorized by statute.

Accordingly, Panama had the burden, under 12 O.S.1971 § 1551, and the cases cited above, to make a reasonable showing that the property in question was "in danger of being lost, removed, or materially injured", in order to justify the appointment of a receiver. Although the petition filed by Panama alleged the conclusion that the property was in bad condition, and stood a good chance of being lost, Panama failed to present any evidence to support its conclusions. Thus, we hold that the trial court abused its discretion in ordering the appointment of a receiver.

■ If Panama had sustained the burden of making a reasonable showing that the property in question was "in danger of being lost, removed, or materially injured", 12 O.S.1971 § 1553 directs that the trial court set a bond and requires the filing of that bond before the receiver entered upon his duties.

For the above stated reasons, we reverse the trial court's order denying the motion to vacate the ex parte appointment of the

874

receiver, and remand that cause to the District Court for further proceedings with regard to plaintiff's petition and defendant's cross–petition for damages allegedly sustained as a result of the wrongful appointment of a receiver.

REVERSED AND REMANDED.

All the Justices concur.