## HUDSON, Rec., et al. v. HUBBELL et al.

No. 24127. Feb. 12, 1935.

Rehearing Denied March 12, 1935.

P. A. M. Hoodenpyl, for plaintiffs in error.

H. S. Samples, for defendants in error.

PER CURIAM. John W. Griffin and his partners sued C. N. Buzzard, the Henry Oil Company, and Reiter-Foster Oil Company in the district court of Okfuskee county, for work and labor performed on an oil lease covering 40 acres of land in that county, and claimed a lien on the lease and equipment.

On the application of plaintiffs a receiver was appointed, with authority to take charge of all property on the lease belonging to the defendant Buzzard, and take charge of all contracts for payment of money on dry hole contracts owned by Buzzard, naming them, and directed the receiver to collect the money due on the contracts. V. L. Hudson, one of the appellants, was appointed receiver. The receiver qualified, and employed P. A. M. Hoodenpyl, the other appellant, as his attorney.

The order appointing receiver was made December 31, 1930, and on January 29, 1931, the receiver reported to the court he had taken charge of the property January 6, 1931, placed a guard over it, and further reported that Buzzard had completed the dry

hole contracts before receiver appointed, except to pull the casing and plug the hole. And also reported that Buzzard had made certain assignments of contracts before receiver was appointed.

On February 6, 1931, the court directed the receiver to remove the casing, plug the hole, and also directed him to collect the money due on the several contracts.

April 6, 1931, the receiver reported that he had removed the casing, plugged the hole, and gave an itemized statement of the cost; reported that he had collected the monies due on the contracts, amounting to $7,000.

Before this suit was filed, Dude Meeks had sued the defendant Buzzard in the same court and caused garnishment proceedings to issue. The two cases were consolidated. Many other creditors of Buzzard intervened claiming liens.

On January 1, 1932, after trial, the court rendered judgment in the case, determining the amount of each creditor of Buzzard, and determining the priority of the liens of the creditors. There were three funds, treated separately by the court in fixing priorities. One was $3,885.84 in the hands of defendant Reiter-Foster Oil Company, which was ordered paid to satisfy the Dude Meeks judgment, the balance to be paid to intervener, Shefts Supply Company. This fund did not come into the hands of the receiver. Another fund of $7,000 collected under dry hole contracts was ordered paid to certain parties to the suit, fixing the priorities thereto. The court ordered the equipment sold and the proceeds of the sale applied to payment of judgments of certain other parties to the suit in proportion to their respective claims. The receiver sold the equipment under the order of the court for $5,792.

The receiver made his final report showing the collection of the $7,000 on dry hole contracts, and $5,792 on sale of equipment, made an itemized statement of expenses of the receivership and certain monies disbursed under order of the court. He asked the court to fix his compensation, showing in detail the work and service performed, and asked for $500 for his services in addition to his expenses. The attorney filed a separate application asking that his compensation be fixed, and asked that he be allowed $700 attorney fees.

Objections were filed by interested parties as to the amount asked by the receiver and the attorney. Also there were objections as to certain expenses of the receiver, and alleging the receiver was negligent in allowing certain machinery to be destroyed by fire. A hearing was had on the report and exceptions thereto, testimony taken, and the court absolved the receiver from any negligence, allowed all the expenses claimed, except reduced his mileage claimed for the use of his car from six cents per mile to five cents, and fixed the compensation of the receiver at $375, and the attorney at $475. The receiver and his attorney appeal from the order, claiming they should have been allowed the amount asked for by each, and there was abuse of discretion on part of the trial court in fixing their compensation.

There is no controversy as between the parties to the case. The only question involved in this appeal is the amount of the compensation allowed.

The statute does not fix the compensation of receivers, and there is no arbitrary or fixed rule. The amount rests within the sound discretion of the court in which the proceedings are pending. Unless there has been an abuse of discretion, the amount of the compensation determined by the court should not be disturbed on appeal.

In the case of White v. Van Leuven, 146 Okla. 160, 293 P. 1014, this court held:

"The allowance of claims for attorney fees against an estate in receivership is a matter to be determined by the court before which the receivership is pending, and its ruling thereon will not be disturbed on appeal unless the same is against the clear weight of the evidence."

Receivers are appointed to conserve the property pending litigation, for the benefit of those interested as parties to the action. Usually, as in this case, the property is taken charge of before judgment is rendered. Its supervision and disposition is under the direction of the court. A receiver has only such powers as are granted by order of the court, and he acts under the direction of the court. Necessarily, the court must have considerable latitude in determining the expenses to be incurred and compensation to be allowed.

In fixing the compensation of a receiver, the court should take into consideration the nature, the extent, and value of the property administered, the complications or difficulties encountered, the time necessarily spent, the knowledge, experience, labor and skill required and devoted by the receiver, diligence and thoroughness displayed, and the responsibilities assumed.

In this case the receiver was required to take charge of the property of Buzzard on the leased premises and hold the same un-

til further orders. The receiver performed this service, which did not take much of his time. He employed workmen to perform the labor and employed a watchman to guard the property. These expenses were allowed him. Later, under directions of the court, he sold the property to the creditors adjudged to have the benefit of this particular fund. He employed experienced workmen to pull the casing and plug the hole, and was allowed all his expenses incident thereto. This service on his part did not require a great amount of his time. In fact, it was claimed by some of the interested parties that he did not give as much personal attention to this part of the work as he should, or else the fire would not have occurred and part of the machinery been destroyed. He employed an attorney to advise him, prepare his reports, and assist in the collection of the money due on the dry hole contracts; the attorney had to be paid out of the funds. He kept strict account of all of his expenses, charging for the telephone calls, his meals when away from home, his hotel bills, used his own car and kept strict account of the mileage of each trip made to the lease or elsewhere, and charged six cents a mile for the use of his car. The court allowed all of his expenses and all his charges, except reduced the charge for use of car from six cents per mile to five cents. It is our opinion the court was fair to the receiver, and the compensation allowed by the court for services was reasonable, and the amount allowed for the use of the car was reasonable.

The same rule in fixing compensation applies to the attorney for the receiver as to the receiver himself. The attorney performed his services well and with dispatch. Two attorneys testified that the amount asked by the attorney was reasonable, one saying it was modest. One of the attorneys in the case, in substance, said it was too much under the circumstances of the case. Buzzard had many creditors; his property was insufficient to pay his debts. Some of his creditors were to receive but a small per cent. of their claims. The court undertook to conserve some of the funds for the benefit of those creditors who were last on the priority list. In fixing the amount of compensation the court should consider the creditors as well as the receiver and his attorney. What might be a reasonable attorney fee in one case might prove to be unreasonable in another. The services performed by the attorney in this case, taking into consideration the condition of the estate and the work required, did not justify an allowance of the amount asked for, and it

is our opinion the amount allowed by the court was reasonable.

Finding no error, the case is affirmed.

The Supreme Court acknowledges the aid of Attorneys Carey Caldwell, W. T. Rye, and Frank Ertel in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Caldwell, and approved by Mr. Rye and Mr. Ertel, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.