BEARLY, Trustee, v. MOSELEY, Rec.

No. 29959.   Sept. 30, 1941.

*117 P. 2d 506.*

Rex H. Holden (Max Fagin and John Embry, of counsel), all of Oklahoma City, for plaintiff in error.

Ramsey, Martin & Logan, of Tulsa, for defendant in error.

BAYLESS, J. I. D. Moseley, receiver for Century Petroleum Company and Century Petroleum Corporation, under appointment by the district court of Tulsa county, filed an application for an allowance of additional compensation for services rendered in 1938 and 1939, and F. D. Bearly, trustee for all unitholders in the oil and gas wells of the two corporations, appeals from the order of the court making an additional allowance.

The sole issue of fact presented to us under all of the propositions argued by Bearly relates to the propriety of making an additional allowance and the amount thereof.

The first proposition relates to the admission of alleged incompetent evidence. At the outset of the hearing the attorney for the receiver stated to the judge hearing the application that in view of the fact that two other judges had theretofore handled the matters involved in the receivership and this was the first time any matter therein had been presented to the judge hearing the application, it would probably be proper and necessary to state the history of the receivership and to introduce some evidence covering what the receiver did in 1936 and 1937, for which he had been fully compensated, as a preliminary step. The attorney for the receiver was careful to explain to the court that it was not considered that this so-called preliminary statement and evidence ought to have any weight in determining the issues then being presented; and the court was careful to assure the objectors that while he would hear this statement and evidence for the purpose for which they were offered, he would not take them into consideration in arriving at his decision on the issues. We do not think this was an abuse of discretion. Bearly has not pointed out to us wherein he thinks he was prejudiced by the admission of this statement and evidence. His discussion of this proposition is short and of the most general nature. We do not see any merit in this proposition.

The second proposition is, the court erred in overruling the objection to the allowance of additional compensation, and we think this may be combined for consideration with the third proposition, the order of allowance of additional compensation is not sustained by the evidence, and is contrary to the evidence, and amounts to an abuse of discretion, and the amount is excessive.

Receiver was paid $500 per month, or $6,000 for the year 1938, and $250 per month, or $3,000 for the year 1939, and seeks an additional allowance for each year in consideration of the services rendered and their benefit to the estate.

In support of this application, receiver testified as to the amount of time he spent attending to the duties; he testified that he spent more time and attention to the duties than is ordinarily expected. Fractional interests in the wells had been sold. There were 9,119 such interests ranging in face value from 1/2500ths to 1/3500th, and these were held by 2,909 owners. The details of keeping up with these owners and furnishing information, etc., was a heavy burden. He testified that he did not treat his responsibility to the estate as something informal nor his duties as merely perfunctory, and, in support of this, cites several instances where his judgment and insistence benefited the estate greatly. One instance relates to two wells that had ceased producing and had only a value for the equipment that could be salvaged. Bearly's interests advocated selling the wells to junk dealers for $7,500 each; but receiver undertook to salvage the equipment, and, at an expense of some $4,000, recovered equipment which he was able to sell for $35,000. He detailed the amount of time and effort it took to produce this result. Another instance relates to a well that had declined so greatly in production that Bearly's interests thought it best for the estate to sell the well for what it was worth, which they estimated at $20,000. Receiver demurred to this and insisted upon cleaning work, and as a result of these operations the production of the well more than doubled and steadily maintained the new level of production. Evidence showed that in addition to the increased return to unitholders, the well has a sale value of at least $75,000.

Another example of receiver's care and forethought relates to the recommendation of Bearly's interests that all of the property be sold for $50,000 and the matter liquidated. Receiver so managed the property as to pay the unitholders $117,605.73 between that time and the time of this hearing, and the present value of the property is about $125,000. It was receiver's purpose in presenting these figures to show that not only was time and effort expended, but that his experience enabled him to exercise discretion that resulted in tangible monetary benefit to the estate.

Receiver cited instances of economy in the management and operation of the estate whereby considerable sums of money were saved. He produced a petroleum engineer as a witness, who approved all that receiver had done, and testified that the increased benefits were due to two reasons, "but the main reason is the proper management." Receiver produced two experienced oil men as expert witnesses as to the character and value of his services. They approved all that he had done, and testified that for such services a man should be paid anywhere from $7,500 to $12,000 per year. The husband of one of the unitholders, an attorney, testified receiver "has done a very excellent job."

Although Bearly was present at the hearing on this matter in the position of an objector, no formal objections in writing were filed by him, and no evidence was introduced by him. Insofar as the issues are concerned, Bearly contented himself with cross-examining the witnesses of receiver and with the arguments presented to the trial judge and to this court.

The parties are in accord respecting the law on the issue, and Bearly's citation of Hudson v. Hubbell, 171 Okla. 201, 41 P. 2d 844, to support the rule that the amount of compensation to be allowed a receiver rests within the

sound discretion of the court, coincides with receiver's citation of Brann v. Harris, 173 Okla. 167, 47 P. 2d 876, announcing a similar rule.

Receiver has sustained the burden that rested upon him with respect to this application, and has made a reasonable showing. Bearly, on the other hand, has not given us anything with which we can compare receiver's evidence, nor with which to evaluate the services rendered. He has presented us with arguments based upon an analysis of the figures, and has to some extent questioned the motives of receiver in expending the time and effort shown. From this he asks us to hold that the showing made by receiver was not reasonable, and that the finding and allowance by the trial court amounted to an abuse of discretion. We cannot do this. The analysis of the figures does not offset the analysis presented by receiver, especially when it is considered that Bearly's analysis has no support of evidence in the sense that receiver's analysis has.

The additional allowance ordered is $3,600 for 1938, and $4,200 for 1939. When these amounts are added to the sums already paid, the total is within the range of the evidence as to value. We are unable to say that the allowances for the two years are excessive or amount to an abuse of discretion.

The order appealed from is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., not participating. RILEY, J., absent.