RUSSELL et al. v. INTERNATIONAL SUPPLY CO. et al.

No. 31503. Dec. 12, 1944.

*154 P. 2d 57.*

Ram Morrison, of Oklahoma City, for plaintiffs in error.

Edward M. Box, of Oklahoma City, for defendants in error.

PER CURIAM. This is an appeal from the order of the district court approving the final report of the receiver. On the 27th day of July, 1934, the court appointed E. D. Davis as receiver of the properties of Frank Russell, Frank Russell, Inc., and the Russell Petroleum Corporation. He served without objection and apparently without legal controversy until the 4th day of February, 1941, when Frank Russell filed an application to terminate the receivership. On the same date the court by proper order directed the filing of the final report of receiver. On the 27th day of February, 1941, the final report was filed, and on the 7th day of April, 1941, Frank Russell filed his objection to the final report.

After exhaustive hearings the court entered the order of January 4, 1943, approving the final report. The defendant Frank Russell appeals and in eight assignments of error presents four general propositions. In propositions 1 and 2 it is argued that the court erred in allowing the receiver his fee. The court allowed approximtaely $250 per month for the payment of E. D. Davis. He administered a fund of $467,913.67 and the expenses in connection therewith were $216,770.59. The operation was over a period of years as above stated. The first objection to the report is that during the proceeding it is claimed that Frank Russell and E. D. Davis had an agreement in which it was stated by the said E. D. Davis that all of his fees had been paid. During the proceeding he placed his brother-in-law in charge of the operation of the properties involved. He was paid for his work the sum of $350 per month, and this payment was allowed and approved by the court. It is the contention of Frank Russell that in the agreement at or about the date the said E. D. Davis stated that all of the fees of Davis had been paid it was further agreed that the salary of the brother-in-law would be reduced to $175 per month. Both the brother-in-law and the receiver dispute this statement, and the matter was thoroughly presented to the court. In our opinion, the plaintiff in error wholly failed to establish any agreement. He argues that the record is replete with evidence of bickering and disputes and yet asserts that he had a simple agreement, oral in character, and without any written evidence at all, touching two very material points involved in the payment of funds during the administration of the receivership. In our opinion, the finding of the trial court is amply sustained by the evidence. In Bearly v. Moseley, 189 Okla. 405, 117 P. 2d 506, we stated:

"It is the rule in this jurisdiction that the amount of compensation to be paid to receivers rests in the sound discretion of the court in which the proceedings are pending, and unless there has been an abuse of discretion the amount of compensation determined by the court will not be disturbed on appeal."

There was no error in the allowance of the fees.

It is next argued that the court erred in allowing an additional attorney fee in the sum of $500. Plaintiff in error argues that an attorney should not be allowed extra fees for services for the receiver when the receiver brings to the court his report in a simple narrative form and such report is allowed. Plaintiff in error cites and relies upon cases to this effect. In addition to the allegation of excessive receiver's fees and the attempt to prove an oral contract with relation thereto, plaintiff in error asserted fraud in payment made to the brother-in-law and there was necessarily additional preparation by counsel to meet these issues. The attorney in the case at bar was present at all times during the proceedings in which were presented these strongly contested questions of fact. In Bearly v. Moseley, supra, we stated:

632

"In determining whether an additional allowance should be made to a receiver, due consideration should be given to the amount of property involved, the work, labor and skill needed or expended, the results realized, and other circumstances having a bearing on the value of the services."

We are of the opinion, and hold, that the court did not err in allowing an additional attorney fee for the services of the attorney for the receiver.

The final issue is that the court erred in failing to order the receiver to furnish a complete inventory in the administration of the funds. This proposition is not briefed beyond this statement. The inventory would be of little value unless there was a claim that money was improperly expended. The only items of contest in the entire proceeding are $1,211.91, which was the additional amount ordered paid to the receiver; the claim that it was agreed the monthly salary of the brother-in-law would be reduced from $350 to $175 and that the attorney should not be allowed any additional fee. We fail to see how an additional inventory other than the report of the receiver, which is comprehensive and complete, would aid in solving these issues. The defendant fails to point out how such an inventory would aid in determining the issues in the case at bar. We find no error in the failure of the trial court to order an inventory.

The order of the trial court approving the final report of the receiver is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.