**In re Receivership of O K INVESTMENT CORP., an Oklahoma Corporation, et al.**

No. 50087.

Supreme Court of Oklahoma.

Feb. 22, 1977.

Jerome S. Sepkowitz, Eagleton, Nicholson & Pate, Oklahoma City, for appellant, Douglas Alexander, Receiver, O K Inv. Corp., et al.

John M. Rowntree, Jr., Monet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellee.

IRWIN, Justice.

Douglas Alexander was appointed Receiver of O K Investment Corporation, Banner Moving and Storage, Inc., and O K Transfer and Storage Company by the District Court, Oklahoma County, Oklahoma. Safari Investment Company made application for a determination of the reasonable rental that Receiver should pay for the use and occupancy of certain property owned by Safari. A hearing was conducted and an order was entered directing the Receiver to pay a certain sum.

Receiver appealed on the grounds that the rental fixed by the district court was excessive and not supported by the evidence. Safari, the owner of the rental property, moved to dismiss the appeal on the grounds that appellant (as Receiver) had no capacity to maintain an appeal without the permission, authority or consent of the district court appointing him Receiver. Admittedly, the district court did not authorize or consent to Receiver appealing its order, but appellant-Receiver contends he has the inherent authority to prosecute an appeal by reason of his legal duty to preserve the receivership estate.

12 O.S.1971, § 1554, provides:

"The receiver has, under the control of the court, power to bring and defend actions in his own name, as Receiver; to take and keep possession of the property, to receive rents, to collect debts, to compound for and to compromise the same, to make transfers, and generally to do such acts respecting the property as the courts may authorize."

In *Hudson v. Hubbell,* 171 Okl. 201, 41 P.2d 844 (1935), we said:

"Receivers are appointed to conserve the property pending litigation, for the benefit of those interested as parties to the action. Usually, as in this case, the property is taken charge of before judgment is rendered. Its supervision and disposition is under the direction of the court. A receiver has only such powers as are granted by order of the court, and he acts under the direction of the court * * *."

The parties recognize as a general proposition of law that a Receiver may perfect an appeal in his own right from an order or decree affecting him personally, such as his claim for fees and expenses incurred in the performance of his receivership duties. *See 4 C.J.S. Appeal and Error § 147c.* However, in the case at bar, there is no showing whatsoever, that Receiver, in his capacity

as such, has any personal interest in the Court's order setting the rental, or is directly or indirectly affected personally by such order, and Receiver is the only person or entity seeking to appeal.

In *Whitman v. Whitman*, Okl., 397 P.2d 664 (1964), we held:

> "One who is not aggrieved by a lower court's decision, however erroneous, may not appeal therefrom. 'A party aggrieved' is one whose pecuniary interest in the subject matter is directly and injuriously affected or whose right of property is either established or divested by the decision complained of."

Appeal dismissed.

All the Justices concur.