Lottie T. JOHNSON, Plaintiff in Error,

v.

Elmer FUGATE, Defendant in Error.

No. 36741.

Supreme Court of Oklahoma.

Jan. 31, 1956.

560

Joy G. Clayton, Tulsa, for plaintiff in error.

Amos J. Nichols, Tulsa, for defendant in error.

CORN, Justice.

The essential facts which evoked this litigation may be summarized briefly in the following manner. Plaintiff entered into a written contract to convey real property (180 acres of farm land) to J. W. Bradley and wife for $8,000. The parties met in the office of defendant's attorney to complete the transaction on February 9, 1953. Plaintiff executed his deed to the Bradleys and defendant's agent (her husband) paid plaintiff $6,000 in two checks. One check for $3712.32 was drawn payable to plaintiff's mortgagee to discharge existing indebtedness, and the balance was paid to plaintiff. Simultaneously with plaintiff's delivery of the deed to the Brad-

leys they executed and delivered to defendant a note for the $6,000 advanced, secured by a mortgage upon the property. There were unpaid taxes against the property, and the Bradleys executed a note to plaintiff for the $2,000 balance, payable when plaintiff paid these taxes. The taxes were paid on February 12, 1953. Thereafter, as the outgrowth of certain money transactions, on April 2, 1953, the Bradleys purported to convey this property to one Wooten by warranty deed, in settlement of his claim, arising out of his cash advances.

Plaintiff filed this action alleging substantially the foregoing matters and that the defendants, Bradleys, had failed to fulfill their contract although he was ready and willing to do so. That defendant held a mortgage (dated February 9, 1953); that defendant had knowledge of plaintiff's claim when same was executed so that this mortgage was junior and inferior to plaintiff's vendor's lien. Further, that on April 2, 1953, the Bradleys had conveyed this property by warranty deed to one Wooten, who took the conveyance with knowledge of plaintiff's lien. Plaintiff sought judgment against all defendants for the amount of claim, interest, costs, attorneys fee, judgment declaring a vendor's lien upon the property and satisfaction thereof by foreclosure of such lien.

Defendant Johnson answered by denial of the matters alleged, and by way of defense plead that plaintiff conveyed to the Bradleys with knowledge she had advanced $6,000 on the purchase price, secured by this mortgage, which sum was paid over to plaintiff when the conveyance was made, so that plaintiff's claim was junior and inferior to defendant's mortgage. Defendant asked judgment establishing priority of her mortgage and that same be decreed to be a superior lien and prior to all other claims.

Plaintiff replied in all instances by general denial of various defendant's answers.

Since this appeal from the judgment rendered is by defendant Johnson, alone, it is unnecessary to consider any matters respecting the other defendants, who do not appeal.

The nature of the question presented by this appeal does not require that we review the record and weigh the evidence. The testimony relative to the matters upon which the trial court based his findings and judgment reflected the following circumstances. This transaction was consummated in the office of defendant's attorney, at which time the Bradleys signed the note which had been prepared by the attorney, and plaintiff gave them the deed. Defendant's agent (her husband) was present, and knew the full purchase price was not paid. One of defendant's two title requirements was payment of the back taxes, but the transaction was completed by the defendant's agent when he knew they remained unpaid. The parties stipulated that on February 9, 1953 the Bradleys gave defendant their note for $6,000, secured by a mortgage upon the property, and that the mortgage tax was paid and the instrument recorded that same day.

After hearing the evidence the trial court found, insofar as this appeal is concerned, that; plaintiff was entitled to a vendor's lien, which was superior to every other lien or claim of any other party to the action, subject to the exception that plaintiff was required to waive superiority of his lien (insofar as defendant was concerned) to the extent of $3712.32 which defendant had paid to plaintiff's mortgagee at the time of the transaction, together with the amount of unpaid taxes on that date. The remainder of the trial court's findings have no bearing upon the question to be considered.

Judgment was rendered for plaintiff and against the defendants Bradleys, for $2,000; that same constituted a vendor's lien superior to any other claim and that plaintiff was entitled to have same foreclosed to satisfy his judgment, subject to the waiver in defendant's favor mentioned above. The judgment rendered also adjudicated the priority of all claims involved, and provided for disposition of the proceeds of the lien foreclosure in accordance therewith.

The appeal from this judgment presents the question of the correctness of the trial court's judgment under the facts in this case that plaintiff had a vendor's lien, for the unpaid balance of the purchase price, which was superior to the defendant's mortgage lien.

The principal contention of defendant is that a mortgage given for a part of the purchase price of real property, and the amount of the mortgage paid to the vendor, has priority over any unpaid balance of the purchase price. Defendant's position is evolved from the statute, 42 O.S.1951 § 16, which provides:

"Priority of mortgage for price of realty.—A mortgage given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws."

Another of our lien statutes, relied upon by the plaintiff, 42 O.S.1951 § 26, provides:

"Vendor's lien for price of realty.— One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and incumbrancers, in good faith, without notice."

The plaintiff, in opposition to defendant, insists that the statute, supra, grants to the vendor of real property a lien which must be held prior and superior to any lien asserted by a party claiming under the debtor, and cited many cases, none of which are applicable to the facts in this case.

We are cited to no decision involving a fact situation closely analogous to that herein presented, and the application of the statute, supra, that the plaintiff is contending for under the facts in this case, is wholly without merit. Where, as here, a purchaser receives a deed and simultaneously executes a mortgage as security for a third person's advance of the purchase money, which is paid to the vendor, the mortgagee has a prior lien for the full amount of the money paid to the vendor over any lien of the vendor for the balance of the purchase price.

The judgment is reversed with directions to the trial court to enter judg-

ment decreeing defendant's mortgage lien to be prior and superior to the lien asserted by plaintiff for the unpaid balance of the purchase price.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.