Robert BROWN, Plaintiff in Error,

v.

R. L. BIVINGS and Waldo Huycke, Receiver, Defendants in Error.

No. 36822.

Supreme Court of Oklahoma.

Sept. 17, 1957.

Rehearing Denied Oct. 22, 1957.

857

John G. Hervey, Oklahoma City, Young, Young & Young, Sapulpa, for plaintiff in error.

Strecter Speakman, Jr., Sapulpa, for defendant in error, Waldo Huycke, receiver.

CARLILE, Justice.

This is an appeal by Robert Brown, defendant in the District Court, from an order of the court sustaining the previous appointment of a receiver for certain oil and gas leases held in the name of the defendant Brown, and approving receiver's final report, fixing and allowing the receiver and his attorney fees, and directing payment thereof from funds held by the receiver and derived from the operation of the leases. The plaintiff, R. L. Bivings, was by the District Court awarded an interest in the leases involved, but on appeal to this court the judgment of the District Court was reversed and the cause remanded with directions to enter judgment for defendant. Brown v. Bivings, Okl., 277 P.2d 671. Waldo Huycke, receiver, is the only party who files response or answer brief herein to the brief of plaintiff in error.

The plaintiff in error, Brown, in support of his first assignment of error, asserts that the order appointing the receiver is void on its face, and argues that the receivership proceeding was conceived to harass and penalize him because he exercised his right of appeal from the erroneous judgment of the District Court.

In view of the holding by this court on appeal that the plaintiff had no right or interest in the leases involved, it is apparent that the receiver should not have been appointed, but we do not agree that the order appointing is void. The application and the order appointing a receiver was made some time after the trial court had found and decreed the plaintiff

Bivings to be the owner of an interest in the leases, but was prior to the reversal of the District Court judgment on appeal. Title 12 O.S.1951 § 1551 sets forth the grounds upon which a receiver may be appointed. The order appointing the receiver states sufficient grounds within the statutory provisions and the record is sufficient to sustain the order.

■ The second proposition presented by plaintiff in error states, in effect, that the trial court erred in taxing the receiver's fee and that of his attorney against the defendant Brown, and in ordering the same paid out of receiver's funds. The order fixes the amount of the receiver's fee, and that of his attorney, and states that it is assessed against the receivership fund, but it does not as stated in the brief, tax the cost against the defendant Brown. Final judgment in the action was in favor of the defendant, and it would necessarily follow, under the provisions of Title 12 O.S.1951 § 929, which reads:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor in the actions mentioned in the last section.",

that the defendant have and recover judgment for his costs as against the plaintiff. Owens v. Clark, 177 Okl. 519, 61 P.2d 201. Title 12 O.S.1951 § 933, reads:

"The several clerks of the district court shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any person interested."

If the costs, including the receiver's fee, and that of his attorney, have not been taxed against the plaintiff it should be done, in accordance with the provisions of the preceding statutes.

The defendant complains and charges error in the action of the trial court in directing payment of the receiver's fee, and that of his attorney, out of the receiver's fund. The receiver operated the producing oil and gas leases involved for approximately two and one-half years and collect-

ed and disbursed considerable sums of money under the direction and approval of the court, and the court, in approving the final account of the receiver, found that the receiver properly discharged his duties, and to the benefit of the property, and allowed the receiver a fee of $6,469 and an attorney fee of $3,500. The defendant's motion for a new trial on the hearing of the final account alleges that such fees allowed are excessive, but does not present or argue the matter on appeal. The principal point and error complained of is the action of the court in directing payment of the fees out of funds held by the receiver.

We have said that the receiver's and attorney's fees should be taxed as costs against the plaintiff, who procured the appointment of the receiver, and against whom judgment was rendered, but it does not follow that such fees may not be paid the receiver and the counsel from funds held by the receiver and derived from the operation of the leases involved.

■ We have considered the decisions and argument presented by the defendant on the question, but are unable to agree therewith. One decision cited is McGrath v. Clift, 198 Okl. 664, 181 P.2d 555, 558, in which the receiver, who was one of plaintiff's attorneys, was denied any fee and was surcharged with the funds paid out by him. The opinion states that nowhere in the pleadings filed did the plaintiff allege facts showing any grounds for the appointment of a receiver. Such case differs materially from the present one. However, the opinion in that case states:

"* * * the receiver insists he is entitled to expenses and compensation, to be paid out of funds in his hands, regardless of who prevails in this action. Such is the general rule, where a receiver has been properly appointed, and where he has faithfully served the interest of his trust, and the items of expense are proper. 45 Am.Jur., Receivers, section 281. The propriety of the receiver's claims must then be

considered in the light of the facts reflected in the record."

The text cited, 45 Am.Jur., Sec. 281, "Receivers", is in part as follows:

"Receivers ordinarily have a right to compensation for their services and expenses, and such right is a strong equity, analogous to an obligation founded upon an implied contract, and is not dependent upon the mere arbitrary discretion of the court, if the appointment of the receiver was regular and his conduct has been free from exception. * * *".

The same text on "Receivers", Section 275, reads:

"The general rule is that costs and expenses of a receivership, including compensation for the receiver, counsel fees, and obligations incurred by him in the discharge of his duties, constitute a first charge against the property or funds in receivership, irrespective of who is ultimately successful in the suit or is ultimately liable to pay them, at least in the absence of want of authority, impropriety, or wrongfulness in the obtaining of the receivership. * * *".

75 C.J.S. Receivers § 302a, p. 978, states:

"The court in its discretion may, and as a general rule does, hold that a receiver's compensation and expenses are primarily a charge on, and should be paid out, of the fund or property in his hands."

The opinion in Sinopoulo v. Portman, 192 Okl. 558, 137 P.2d 943, states that the receiver is an arm of the court, and that the expenditures incurred by the court during a receivership are in reality costs of administration.

■ We find no error in the action of the trial court in sustaining the appointment of the receiver, approving his final account and fixing the amount of the receiver's fee, and that of the attorney, and directing that such fees be assessed against and paid out of funds held by the receiver.

■ In view of the fact that the receiver's fee and the attorney's fee were ordered paid out of funds in the hands of the receiver, which amounts were derived from the production of defendant's leases, and which otherwise would have been paid to the defendant, it follows that the defendant Brown was and is entitled to judgment against the plaintiff Bivings for the amount of the receiver's and attorney's fees in the aggregate sum of $9,969, together with and including such other sums paid by the defendant as costs in the case, and the trial court in its hearing on the final account of the receiver should have awarded judgment for defendant and against the plaintiff for such costs.

"In exercising appellate jurisdiction in a case of equitable cognizance, this court may direct the entry of such judgment as should have been entered in the first instance." Johnson v. Fugate, Okl., 293 P.2d 559, 560.

The judgment of the District Court sustaining the appointment of the receiver, approving receiver's report and directing payment of the receiver's and attorney's fees from receiver's funds is affirmed, subject to the addition hereinafter directed, and the action is remanded to the District Court with directions to include in the order and judgment affirming the receiver's report a judgment in favor of the defendant Brown against the plaintiff Bivings for court costs of the action, including fees of the receiver and the attorney, all in accordance with the views herein expressed.

■ Application by counsel for the receiver for the allowance of an attorney fee for services rendered in connection with this appeal has been filed herein. We have considered the application, and are of the opinion that the fee previously allowed counsel by the trial court is sufficient to cover his services in this appeal, and the application is denied.