STATE of Oklahoma, ex rel. Cathy J. WEATHERFORD, Insurance Commissioner, Appellee/Counter–Appellant,

v.

SENIOR SECURITY LIFE INSURANCE COMPANY, Appellant/Counter–Appellee.

No. 82207.

Court of Appeals of Oklahoma, Division No. 3.

April 2, 1996.

Larry D. Derryberry and George W. Velotta, Derryberry, Quigley, Parrish, Solomon & Blankenship, Oklahoma City, for Appellant/Counter–Appellee.

Robert A. Nance, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Oklahoma City, for Appellee/Counter–Appellant.

## OPINION

ADAMS, Vice–Chief Judge:

In a previous appeal, Division III of this Court affirmed a trial court order finding that Appellant Senior Security Life Insurance Company (SSLIC) was insolvent and that the appointment of a receiver and liquidation was proper. This appeal arises out of a request by SSLIC that the fees for attorneys hired by SSLIC management be paid out of the receivership estate. SSLIC engaged these attorneys to resist the application of the Insurance Commissioner (Commissioner) for the appointment of a receiver.

Finding that SSLIC management did not act "in good faith" in resisting Commissioner's application, the trial court denied the requested award of attorney fees. However, the trial court did order $8,500 of SSLIC's attorney fees to be paid as a "cost of administration." Both SSLIC and Commissioner appeal.

The underlying litigation revolved primarily around Commissioner's decision to treat a claim which SSLIC had against a reinsurer as uncollectible. Despite the fact that the claim was almost eighteen months old and could not be considered a liquid asset, SSLIC contended the claim should be included in its asset base at its face value. The attorney fees in question were incurred in an attempt to convince the trial court that position was correct, that SSLIC was not insolvent, and that some sort of conservatorship was more appropriate than a receivership and liquidation. In the previous appeal, the trial court's order rejecting these contentions was affirmed.

## SSLIC'S APPEAL

SSLIC argues it was entitled to have its attorney fees paid out of the receivership estate because it acted in good faith in resisting Commissioner's application. SSLIC contends "[i]t is well established that where an application has been made for appointment of a receiver for an insurance corporation, attorney fees and expenses, if incurred in good faith, become valid claims against the receiver," citing *People ex rel. Schacht v. Main Insurance Company,* 114 Ill.App.3d 334, 70 Ill.Dec. 72, 448 N.E.2d 950 (1983); *McConnell v. All–Coverage Insurance Exchange Automobile and Fire,* 229 Cal.App.2d 735, 40 Cal.Rptr. 587 (1964); and *Anderson v. Great Republic Life Insurance Company,* 41 Cal. App.2d 181, 106 P.2d 75 (1940).

SSLIC has cited no Oklahoma authority for this rule, and we have discovered none. However, we need not determine whether Oklahoma should follow such a rule. Even under the authorities cited by SSLIC, such claims may be allowed in the discretion of the trial court having jurisdiction of the receivership if the application for receivership was resisted in good faith. As acknowledged by

SSLIC, the trial court specifically found that SSLIC was not "in good faith" in resisting the application in this case.

■■■ Receivership proceedings are equitable in nature. *See Brown v. Bivings,* 316 P.2d 855 (Okla.1957). In such matters, we must examine the entire record and will not disturb the trial court's decision unless it is clearly against the weight of the evidence or contrary to law or established principles of equity. *Dumas v. Conyer,* 448 P.2d 835 (Okla.1968).

The trial court found that "management of [SSLIC and its attorneys] lacked an objective basis for a belief that [SSLIC] was solvent within the meaning of the Oklahoma Insurance Code, or could be rendered solvent by actions of [SSLIC] alone or in concert with the Oklahoma Insurance Department." Considering all the evidence in this record, including evidence that SSLIC would still be considered insolvent even if the reinsurance claim was included as a liquid asset, we cannot say the trial court's finding was clearly against the weight of the evidence.

SSLIC also argues that the attorney fees should be collected from the receivership estate because SSLIC's resistance resulted in a "benefit to the estate," relying on the same authorities cited earlier. However, none of those authorities allow a claim for attorney fees against the receiver in the absence of good faith. Because the trial court's finding that this essential element of SSLIC's claim was absent remains undisturbed, any intangible benefit which SSLIC claims the estate received as a result of the action of its attorneys does not require payment of the fees by the receiver.

SSLIC has not demonstrated that the trial court's decision is clearly against the weight of the evidence or contrary to law or established principles of equity. The trial court's order denying SSLIC's claim that its attorney should be paid out of the receivership estate is affirmed.

## COMMISSIONER'S COUNTER–APPEAL

■■ The trial court awarded Appellant $8,500.00 as a cost of administration of the estate, apparently for the reason that "[t]he

vigor of the defense slowed the proceedings to permit the court to adequately consider the facts before it and sought to facilitate granting to the Respondent an evidentiary hearing." Commissioner contends this allowance is contrary to law.

Administration of a delinquent or liquidated estate relates to taking possession of the property of the insurer, liquidating its business, dealing with the insurer's property and business in the Insurance Commissioner's name or in the insurer's name if the court so directs, and giving notice to creditors who might have a claim against the estate. 36 O.S.1991 § 1911. Attorney fees incurred by the management of the insolvent insurer to resist Commissioner's efforts do not advance any of those functions. In addition, they are not "expenditures necessary to enable the court to exercise its jurisdiction" as that phrase is used in *Sinopoulo v. Portman,* 192 Okl. 558, 137 P.2d 943, 947 (1943).

Other than the authorities discussed in its appeal, SSLIC has not suggested any basis for the trial court's award as a "cost of administration," and the trial court referred to no such authority in its order. The trial court's order requiring the receiver to pay $8,500 of SSLIC's attorney fees as a cost of administration was contrary to law.

## CONCLUSION

The trial court's order denying payment of SSLIC's attorney fees out of the receivership estate is not clearly against the weight of the evidence or contrary to law or established principles of equity, and that order is affirmed. The trial court's order allowing payment of $8,500 to SSLIC as a cost of administration is contrary to law, and that order is reversed.

**AFFIRMED IN PART, REVERSED IN PART.**

HANSEN, P.J., and BUETTNER, J., concur.